**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATORY JUDGMENT ACTION** |
| vs. | ) | |
| | ) | C.A. No.  2:23-cv-263-RMG |
| First Financial of Charleston, Inc. and Otha | ) | |
| Delaney, individually and on behalf of all | ) | **(Non-Jury)** |
| others similarly situated, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, would respectfully allege and show unto the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      State Farm is an insurance company organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois, and is duly authorized to do business and issue insurance policies in the State of South Carolina.

2.      First Financial of Charleston, Inc. ("First Financial") is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in the State of South Carolina.

3.      Otha Delaney ("Delaney") is a citizen and resident of Jacksonville, North Carolina. Upon information and belief, Delaney purchased a vehicle at Coliseum Motors in Charleston, South Carolina.

4.      This is a declaratory judgment action brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202.

5.    The jurisdiction of this Court is based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a).

6.    The amount in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

7.    A justiciable controversy exists between the parties in this action concerning whether coverage exists for First Financial for claims made against it by Delaney and others under a business policy of insurance issued by State Farm and delivered to First Financial in the State of South Carolina.

8.    All matters and allegations contained herein are within the subject matter and personal jurisdiction of this Court, and venue is proper in this Court.

## <u>FACTS</u>

9.    State Farm issued to a business policy of insurance to First Financial, bearing policy number 99-CV-4371-3, for the policy period January 9, 2008 to January 9, 2009 ("the Policy"). The Policy was renewed annually through January 9, 2022. Over the course of the fourteen (14) years the Policy has been in effect, certain forms and endorsements in the Policy have changed. Attached as **Exhibit A** are true and accurate copies of the Policy in effect from policy period January 9, 2008-January 9, 2009 through January 9, 2021-January 9, 2022.

10.    This declaratory judgment action arises out of an underlying lawsuit filed by Delaney, individually and on behalf of others similarly situated, against First Financial in the Charleston County Court of Common Pleas captioned *Otha Delaney, Individually and on behalf of all other similarly situated, v. First Financial of Charleston, Inc.*, C.A. No. 2011-CP-10-7166 ("the Underlying Lawsuit"). A copy of the Amended Complaint in the Underlying Lawsuit is attached hereto as **Exhibit B** and is incorporated by reference.

11.     The Complaint in the Underlying Lawsuit was filed on October 4, 2011.

12.     The Amended Complaint in the Underlying Lawsuit was filed on March 30, 2021, nearly ten (10) years later. *See* Exhibit B.

13.     First Financial first provided State Farm with notice of the Underlying Lawsuit in 2021, after the Amended Complaint was filed and nearly ten (10) years after the Complaint was first filed.

14.     Upon receipt of the Amended Complaint in 2021, State Farm agreed to provide First Financial with a defense in the Underlying Lawsuit subject to a reservation of rights.

15.     According to the Amended Complaint in the Underlying Lawsuit, on October 12, 2007, Delaney entered into a Retail Installment Sales Contract with Coliseum Motors for the purchase of a 2003 Chevrolet pick-up truck ("the Truck"). *See* Exhibit B, ¶ 13.

16.     Coliseum Motors immediately assigned the Retail Installment Sales Contract to First Financial. *See* Exhibit B, ¶ 17.

17.     Pursuant to the Retail Installment Sales Contract, First Financial provided financing for the purchase of the Truck in the amount of $4,405.92 and secured the loan with the Truck as collateral. *See* Exhibit B, ¶ 15.

18.     Thereafter, Delaney defaulted on the loan and First Financial exercised its right to repossess the Truck for disposition/sale on May 1, 2008. *See* Exhibit B, ¶ 21.

19.     On May 2, 2008, prior to disposition/sale of the Truck, First Financial provided Delaney with a "Notice of Private Sale of Collateral." *See* Exhibit B, ¶ 22.

20.     After disposition/sale of the Truck, First Financial provided Delaney with a post-sale notice explaining the calculation of Delaney's post-sale deficiency balance. *See* Exhibit B, ¶ 26.

21.     In the Underlying Lawsuit, Delaney alleges that the pre- and post-sale notices issued by First Financial were deficient and asserts two causes of action against First Financial: (1) SC UCC Presale Notice Violations; and (2) SC UCC Post-sale Notice Violations. *See* Exhibit B, ¶¶ 76-82.

22.     Delaney seeks statutory damages from First Financial on behalf of himself and others similarly situated pursuant to S.C. Code § 36-9-625(c) on the grounds that the pre-sale notices allegedly violated §§ 36-9-611 and 614 of the South Carolina Uniform Commercial Code. *See* Exhibit B, ¶¶ 76-78. The statutory damages Delaney seeks for the alleged pre-sale UCC violations are equal to the minimum damages afforded under S.C. Code § 36-9-625(c)(2). *See* Exhibit B.

23.     Delaney also seeks statutory damages from First Financial on behalf of himself and others similarly situated on the grounds that the post-sale notices allegedly violated § 36-9-616 of the South Carolina Uniform Commercial Code. *See* Exhibit B, ¶¶ 79-82. The statutory damages Delaney seeks for the post-sale UCC violations are $500.00 for each alleged defective post-sale notice. *See* Exhibit B.

24.     Delaney is claiming damages in excess of $9,000,000.00 on behalf of the class.

**<u>FOR A FIRST CAUSE OF ACTION</u>**
(Declaratory Judgment)

25.     State Farm incorporates herein by reference the allegations contained in paragraphs 1 through 24 above.

26.     A justiciable controversy exists between the parties as to whether coverage is afforded under the Policy for the claims made by Delaney against First Financial in the Underlying Lawsuit.

27.     The Policy provides, in relevant part, as follows:

**COVERAGE L – BUSINESS LIABILITY (Form FP-6103)[1]**

We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies…. This insurance applies only:

1.    to **bodily injury** or **property damage** caused by an occurrence which takes place in the **coverage territory** during the policy period;

2.    to **personal injury** caused by an occurrence committed in the **coverage territory** during the policy period. The occurrence must arise out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by you or for you.

**Coverage L – Business Liability (Form CMP-4100)[2]**

When a Limit Of Insurance is shown in the Declarations for **Coverage L – Business Liability**, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.

. . .

**2.**    This insurance applies:

   **a.**    To "bodily injury" and "property damage" only if:

      **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and
      **. . .**

   **b.**    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

. . .

---

[1] This policy form was in place from January 9, 2008 – January 9, 2012.

[2] This policy form has been in place since January 9, 2012 and remains in effect.

28.    Pursuant to the foregoing insuring agreements, State Farm's duty to defend and indemnify First Financial is limited to claims for damages because of "bodily injury," "property damage," "personal injury" or "personal and advertising injury" caused by an "occurrence."

29.    The Policy defines "bodily injury" as "bodily injury, sickness or disease" and does not include emotional trauma unless it arises out of an actual physical injury.

30.    In the event First Financial is obligated to pay statutory damages in the Underlying Lawsuit, such damages are not because of "bodily injury" as defined by the Policy.

31.    The Policy defines "property damage" as "physical damage to or destruction of tangible property, including the loss of use of such property." It is also defined as "loss of use of tangible property that is not physically injured or destroyed, provided that such loss of use is caused by physical injury to or destruction of tangible property."

32.    In the event First Financial is obligated to pay statutory damages in the Underlying Lawsuit, such damages are not because of "property damage" as defined by the Policy.

33.    The Policy defines "personal injury" and "personal and advertising injury" as follows:

**DEFINITIONS (Form FP-6103 (as modified by Endorsement FE-6656))**

. . .

11.    **personal injury** means injury, other than **bodily injury**, arising out of one or more of the following offenses:

    a.    false arrest, detention or imprisonment;

    b.    malicious prosecution;

    c.    the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;

    d.      oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

    e.      oral or written publication, in any manner, of material that violates a person's right of privacy

. . .

**DEFINITIONS (Form CMP-4100)**

. . .

**18.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**      False arrest, detention or imprisonment;

    **b.**      Malicious prosecution;

    **c.**      The wrongful eviction from, wrongful entry into, or invasion of the right of privacy, of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**      Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**      Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**      The use of another's advertising idea in your "advertisement"; or

    **g.**      Infringing upon another's copyright, trade dress or slogan in your "advertisement".

    34.    There are no claims asserted in the Underlying Lawsuit that constitute "personal injury" or "personal and advertising injury" as defined in the Policy. Further, to the extent First Financial is obligated to pay statutory damages, such damages are not because of "personal injury" or "personal and advertising injury" as defined by the Policy.

35.    The Policy defines "occurrence" as (a) "an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in 'bodily injury' or 'property damage'" or (b) "the commission of an offense, or a series of similar or related offenses, which results in 'personal injury' or 'advertising injury.'"

36.    Claims for violations of the UCC are not "occurrences" as defined by the Policy.

37.    The allegations against First Financial in the Underlying Lawsuit and the damages sought therein are not covered under the Policy. Therefore, State Farm has no duty to defend or indemnify First Financial with respect to the Underlying Lawsuit.

38.    Therefore, State Farm is entitled to a judicial declaration that the Policy issued to First Financial provides no coverage for the claims asserted in the Underlying Lawsuit; that State Farm has no duty to defend First Financial for the allegations contained in the Underlying Lawsuit; and that State Farm has no duty to indemnify First Financial for any damages awarded, judgment or settlement resulting therefrom.

WHEREFORE, State Farm respectfully prays that this Court grant it the following relief:

1.    Declare that the claims made against First Financial in the Underlying Lawsuit are not covered under the Policy because violations of the UCC are not "occurrences" as defined by the Policy and the damages sought are not covered damages under the Policy;

2.    Declare that State Farm has no duty to defend or indemnify First Financial with respect to the claims made in the Underlying Lawsuit; and

3.    Award any such other and further relief as this Court deems just and proper.


/s/ Jennifer E. Johnsen
Jennifer E. Johnsen (Fed. Bar No. 5427)
Natalie Ecker (Fed. Bar No. 12931)
GALLIVAN, WHITE & BOYD, P.A.

P.O. Box 10589
Greenville, SC  29603
(864) 271-9580

Attorneys for Plaintiff,
State Farm Fire and Casualty Company

January 19, 2023