ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | CASE NO. 2011-CP-10-07166 |
| | ) | |
| OTHA DELANEY, Individually and on behalf | ) | |
| of all others similarly situated | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED SUMMONS** |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST FINANCIAL OF CHARLESTON, INC.,) | | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TO:    THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Amended Class Action Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the said Amended Class Action Complaint on the Plaintiff by and through his attorney(s), J. Ashley Twombley and Lee Anne Walters of TWENGE + TWOMBLEY, LLC, 311 Carteret Street, Beaufort, SC 29902, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Amended Class Action Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Amended Class Action Complaint. Any answer that you serve on the parties in this action must be filed with the Clerk of Court within a reasonable period of time after service.

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

TWENGE + TWOMBLEY LAW FIRM

BY:      s/J. Ashley Twombley
         J. ASHLEY TWOMBLEY
         S.C. Bar #72916
         LEE ANNE WALTERS
         S.C. Bar #74984
         311 Carteret Street
         Beaufort, SC  29902
         (843) 982-0100
         twombley@twlawfirm.com
         lwalters@twlawfirm.com
         Attorneys for Plaintiff

Beaufort, South Carolina

March 30, 2021

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | CASE NO. 2011-CP-10-07166 |
| | ) | |
| OTHA DELANEY, Individually and on behalf of all others similarly situated | ) ) | |
| | ) | |
| Plaintiff, | ) ) | **AMENDED CLASS ACTION COMPLAINT** |
| | ) | |
| vs. | ) ) | |
| FIRST FINANCIAL OF CHARLESTON, INC., | ) ) | |
| Defendant. | ) ) | |
| | ) | |

TO:     THE DEFENDANT ABOVE NAMED:

Otha Delaney ("Plaintiff") brings this Class Action Complaint against First Financial of Charleston, Inc. ("Defendant" and/or "First Financial") on his own behalf and that of all others similarly situated, seeking declaratory, injunctive and monetary relief to remedy First Financial of Charleston, Inc.'s unlawful noncompliance with the notice requirements of the South Carolina Uniform Commercial Code.

### Nature of Case

1.      This is a consumer class action against Defendant, and its predecessors or successors, seeking relief to redress an unlawful pattern of wrongdoing followed by Defendant regarding collection, enforcement, repossession and disposition of collateral, and collection of alleged deficiencies.

2.      Provisions of the SC UCC, §§ 36-9-601 through 9-635, form a comprehensive scheme governing a secured creditor's repossession and disposition of a consumer-debtor's collateral.

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

3.     Section 36-9-611(b) of the SC UCC requires a secured creditor, before disposition of a consumer's repossessed collateral, to send the consumer-debtor a "reasonable authenticated officiation of disposition," which provides the consumer-debtor with specific information about the intended disposition and the consumer-debtor's redemption rights.

4.     Sections 36-9-613 and 9-614 of the SC UCC set forth the mandatory information that the secured party must include in the written notice of intended sale of the collateral (hereinafter the "presale notice"), and Official Comment to U.C.C. § 9-614 instructs that a written notice to a consumer debtor or obligor which is not in compliance with the above-referenced sections is insufficient as a matter of law.

5.     After Defendant repossesses a consumer-debtor's collateral, but before it disposes of the collateral, it has employed a long-standing standard practice of mailing the consumer-debtor a form presale notice substantially similar to the notices attached hereto as **Exhibit A or Exhibit B,** with only identifying information such as the debtor's name, address, account number, the date, and collateral varying from debtor to debtor.

6.     Upon information and belief, after Defendant disposes of consumer-debtor's collateral, it has a standard practice of mailing consumer-debtor's a standard-form post-sale notice in the same or a substantially similar form as the document attached as **Exhibit C.**

7.     Plaintiff sues for himself and all other similarly situated consumers in the "Class," which is defined below.

8.     Plaintiff and the Class seek damages equal to the statutory minimum provided for under § 36-9-625(c)(2) of the SC UCC, $500 for each violation of § 36-9-616, and for such other further relief as this Court may deep appropriate.

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

### Parties

9.      Plaintiff is a resident of North Carolina.

10.     Defendant is a corporation with its principal place of business in Charleston, South Carolina. At all times material hereto, First Financial was engaged in the business of providing financing to purchasers of automobiles in South Carolina.

### Jurisdiction and Venue

11.     This court has jurisdiction over the parties and the subject matter of this action.

12.     Venue lies in this county pursuant to§ 15-7-30(E)(l), South Carolina Code of Laws, 1976 as amended, in that Defendant's principal place of business at the time the cause of action arose was Charleston County.

### Factual Allegations as to Defendants

13.     On or about October 12, 2007, Plaintiff entered into a Retail Installment Sales Contract ("RISC") for the purchase of a 2003 Chevrolet pick-up truck (Delaney's "Vehicle") for personal, family or household use with Coliseum Motors.

14.     The cash price for the vehicle was $9,399.50.

15.     The finance charge (credit service or time/price differential) was $4,405.92.

16.     A true and correct copy of the RISC is attached as **Exhibit D.**

17.     Coliseum Motors immediately assigned the RISC to Defendant, giving them a security interest in the Vehicle. (*See* Exhibit D).

18.     Plaintiff purchased the Vehicle primarily for personal, family, or household purposes.

19.     Defendant remained a secured party until disposition.

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

20.     The RISC was a consumer credit contract for the sale of a motor vehicle by a retail seller to a retail buyer on time under a retail installment contract for a time sale price payable in one or more deferred installments.

21.     Defendant or its agent repossessed the Vehicle on or around May 1, 2008.

22.     After repossessing the Vehicle, Defendant mailed a presale notice to Plaintiff advising him of Defendant's intent to dispose of the Vehicle in purported compliance with the SC UCC.

23.     A true and accurate copy of the presale notice Defendant mailed Delaney is attached as **Exhibit A**.

24.     The presale notice mailed to Plaintiff was not a "reasonable authenticated notification of disposition" as required by § 36-9-611(b) because, among other reasons, it failed to "state[] the method of intended disposition" as required by §§ 36-9-613(1)(C) and 9-614(1)(A).

25.     The presale notice mailed to Plaintiff did not mention he had the right to obtain an explanation of indebtedness in writing.

26.     After disposing of the Vehicle, Defendant mailed Plaintiff a notice in purported compliance with the SC UCC (hereinafter a "post-sale notice"), supposedly explaining how Defendant calculated Plaintiff's post-sale deficiency balance.

27.     A true and accurate copy of the post-sale notice mailed to Plaintiff is attached as **Exhibit C**.

28.     The post-sale notice Defendant sent to Delaney did not substantially comply with § 36-9-616 because it:

    a.     Did not provide all the information, in the requisite order, as required by § 36a-9-616(c)(3); and

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

b.      Did not state future debits, credits, charges, including additional credit service charges or interest, rebates, and expenses may affect the amount of the surplus or deficiency, as required by § 9-616(a)(1)(C).

29.      Future debits, credits, charges including additional credit services charges or interest, rebates, and expenses affected the amount of the surplus or deficiency for Plaintiff and the Class.

30.      Defendant's failure to provide a statutorily compliant post-sale notice is part of a pattern, or consistent with a practice, of noncompliance.

31.      The defective presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the class members' credit reports harmed the class members' credit worthiness, credit standing, credit capacity, character, and general reputation.

32.      The defective presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the class members' credit reports were oral or written publication of material that defames, slanders or libels the class members.

33.      The defective presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the class members' credit reports were oral or written publication of material that invaded the Class's privacy rights.

34.      The defective presale and post-sale notices were not mailed with knowledge of their falsity.

35.      The reporting of false or inaccurate derogatory information on the class members' credit reports was not done with knowledge of its falsity.

36.      Defendant's acts that violated the SC UCC do not involve or arise out of professional services the company provides to its customers.

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

37.     Defendant's acts that violated the SC UCC required no professional skill.

38.     Defendant's acts that violated the SC UCC required no specialized knowledge, labor, or skill.

39.     Defendant's acts that violated the SC UCC do not arise out of the operation or control of repossessed property.

40.     Defendant did not intend to violate the SC UCC and did not intend injury to the class because it believed its notices were accurate, lawful and contained no misrepresentations.

41.     Defendant did not know the presale and post-sale notices, and its reporting of information on the class members' credit reports would violate the rights of the class members or inflict injury upon them.

42.     Defendant made negligent misrepresentations in its presale and post-sale notices.

**Class Allegations**

43.     Plaintiff repeats the allegations set forth above as if restated in their entirety.

44.     Plaintiff sues for himself and a class of similarly situated consumers under South Carolina Rule 23(a).

45.     The "Class" comprises all consumers who Defendant (a) mailed a presale notice in a form substantially similar to the presale notice documents attached as Exhibit A or Exhibit B and (2) whose collateral was disposed by Defendant or its agent after October 3, 2008.

46.     Excluded from the "Class" are individuals who filed for Chapter 7 bankruptcy after the date of their vehicle's disposition whose bankruptcy ended in discharge rather than dismissal, as well as individuals who filed for Chapter 13 bankruptcy after the date of their vehicle's disposition and whose bankruptcy is still pending or ended in discharge rather than dismissal.

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

47.     Every class member is a consumer who obtained financing for the purchase of collateral in which Defendant obtained a security interest.

48.     Every class member obtained financing for the purchase of personal property primarily for personal, family, or household purposes.

49.     Defendant took possession of every class member's vehicle after Defendant declared they had defaulted on their loans.

50.     After repossessing the Vehicle, Defendant mailed presale notices to Plaintiff and the Class, advising them of Defendant's intent to dispose of their property in purported compliance with the SC UCC.

51.     The presale notices mailed to Plaintiff and all class members were not "reasonable authenticated notifications of disposition" as required by § 36-9-611(b) because, among other reasons:

a.      they failed to "state[] the method of intended disposition" as required by § 36-9-613(1)(C) and § 36-9-614(1)(A); and

b.      they inaccurately stated (or at least failed to unambiguously state) when it would sell the Class members vehicles' if Defendant decided to sell them.

52.     The presale notices mailed to Plaintiff and the Class informed them Defendant would sell their vehicles at the close of business on "the tenth (10th) day from the date of [the] notice" or, if that date fell "on a Sunday or legal holiday," Defendant would sell the vehicles at the close of "the first business day following the tenth (10th) day. (*See* Exhibit A & Exhibit B).

53.     Defendant did not sell the Class members' collateral on the tenth day after the date of the notice.

9

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

54.    Defendant did not sell the Class members' collateral on the first business day after the tenth day from the date of the notice.

55.    The presale notices mailed to Plaintiff and class members who were mailed a presale notice in a form substantially similar to Exhibit A also violated the SC UCC because it did not state "that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting," as required by § 36-9-613(1)(D) and § 36-9-614(1)(A).

56.    Plaintiff has mailed more than 40 presale notices in substantially the same form as Exhibit A to consumers who had their vehicles repossessed and sold by Plaintiff or its agent.

57.    Plaintiff has mailed more than 100 presale notices in substantially the same form as Exhibit B to consumers who had their vehicle repossessed and sold by Plaintiff or its agent.

58.    The presale notices' failure to include the information required by § 36-9-613(1)(C) and § 36-9-614(1)(A) render the notices insufficient as a matter of law.

59.    After disposing of the Vehicle, Defendant mailed Plaintiff notices in purported compliance with the SC UCC (hereinafter "post-sale notices"), purportedly explaining how Defendant calculated Plaintiff's post-sale deficiency balance.

60.    A redacted copy of a post-sale notice mailed by Defendant in 2019 is attached as **Exhibit E**.[1]

61.    Upon information and belief, Defendant mailed Plaintiff and the Class post-sale notices that failed to substantially comply with § 36-9-616 because they:

---

[1] Exhibit E is nearly identical in the terminology and language used for the post-sale notice. Though not based of a word-for-word template as the one used to create Plaintiff's post-sale notice (Exhibit C), the 2019 Redacted Post-Sale Notice is functionally equivalent for purposes of Plaintiff's post-sale notice allegations, namely (1) the information provided in the notices are not in the order required by § 36-9-616 and (2) certain information required by § 36-9-616 is omitted from both post-sale notices.

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

a.      Did not provide all the information, in the requisite order, as required by § 36a-9-616(c)(3); and/or

b.      Did not state future debits, credits, charges, including additional credit service charges or interest, rebates, and expenses may affect the amount of the surplus or deficiency, as required by § 9-616(a)(1)(C).

62.     Members of the Class are so numerous their individual joinder is impracticable.

63.     There are significant questions of law and fact common to the Class.

64.     The principal legal question common to Plaintiff and each class member is whether the form presale and post-sale notices mailed by Defendant, or someone at its direction, complied with the SC UCC.

65.     Claims involving the interpretation of form documents present a classic case for treatment as a class action.

66.     "[T]he class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23," so class actions "are favored in this state" of South Carolina. *Grazia v. SC State Plastering*, 390 S.C. 562, 576, 703 S.E.2d 197 (2010).

67.     Plaintiff is a member of the Class.

68.     Plaintiff's claims are typical of the class members' claims.

69.     Plaintiff and the Class's claims are based on the same factual and legal theories.

70.     Plaintiff and each class member is entitled to statutory damages equal to the minimum provided by § 36-9-625(c)(2) due to Defendant's failure to send proper presale notices.

71.     Plaintiff and each class member who was mailed a post-sale notice in violation of § 36-9-616 is entitled to an additional $500 under § 36-9-625(e)(5).

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

72.     Plaintiff's claims and the class members' claims involve an amount in controversy that exceeds $100.

73.     Plaintiff's counsel is competent and experienced in consumer and class litigation.

74.     Neither Plaintiff nor Plaintiff's counsel have any interests antagonistic to the Class.

75.     Plaintiff has met the requirements of South Carolina Rule 23(a) and Plaintiff may sue as a representative party on behalf of the Class.

## COUNT 1 – SC UCC Presale Notice Violations

76.     Plaintiff repeats the allegations set forth above as if fully restated in their entirety.

77.     Defendant violated § 36-9-611 and § 9-614 by failing to send Plaintiff and each class member a presale notice that complied with the SC UCC.

78.     As a direct and proximate result of failure to comply with the requirements of Subchapter 6 of Article 9 of the UCC, Plaintiff and the Class suffered actual damages not less than the minimum damages provided by §36-9-625(c)(2), including:

a.     loss of use of tangible property and cost of alternative transportation;

b.     loss resulting from the inability to obtain, or increased costs of, alternative financing;

c.     harm to credit worthiness, credit standing, credit capacity, character, and general reputation;

d.     harm caused by defamation, slander and libel;

e.     harm caused by invasion of privacy; and

f.     other uncertain and hard-to-quantify actual damages.

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

## COUNT II – SC UCC Post-sale Notice Violations

79.     Plaintiff repeats the allegations set forth above as if fully restated in their entirety.

80.     From October 4, 2008, through January 1, 2020 (or later), all post-sale notices mailed by Defendant to consumers were in a form substantially similar to the post-sale notices attached as Exhibit C or Exhibit E.

81.     Defendant violated § 36-9-616 by failing to send Plaintiff and the Class post-sale notices that substantially complied with the SC UCC.

82.     Defendant's failure to send statutorily compliant post-sale notices is part of a pattern or consistent practice of noncompliance with the SC UCC.

WHEREFORE, Plaintiff prays this Court certify the Class, appoint Plaintiff's undersigned attorneys as Class Counsel, and enter a judgment for Plaintiff and the Class against Defendant awarding:

a.      Damages equal to the minimum damages provided by §36-9-625(c)(2) for Defendant's presale notice violations;

b.      statutory damages of $500 for each defective post-sale notice sent or that Defendant failed to send;

c.      prejudgment and post-judgment interest to the extent permitted by law;

d.      a preliminary and permanent injunction enjoining Defendant from engaging in the practices, including without limitation, enjoining Defendant from collecting deficiency balances, time price differential, and delinquency and collection charges from Plaintiff and the Class;

ELECTRONICALLY FILED - 2021 Mar 30 12:34 PM - CHARLESTON - COMMON PLEAS - CASE#2011CP1007166

e.      a mandatory injunction compelling Defendant to remove any adverse credit information wrongfully reported on Plaintiff and the Class's consumer credit reports;

f.      a declaration that the presale and post-sale notices sent by Defendant to Plaintiff and the Class fail to comport with the SC UCC; and

g.      for such other and further relief as this Court deems just and proper.

TWENGE + TWOMBLEY LAW FIRM

BY:      s/J. Ashley Twombley
           J. ASHLEY TWOMBLEY
           S.C. Bar #72916
           LEE ANNE WALTERS
           S.C. Bar #74984
           311 Carteret Street
           Beaufort, SC 29902
           (843) 982-0100
           twombley@twlawfirm.com
           lwalters@twlawfirm.com
           Attorneys for Plaintiff

Beaufort, South Carolina

March 30, 2021