EXHIBIT 1



tate Farm Fire and Ca   alty Company

August 19, 2021

First Financial of Charleston, Inc.                    State Farm Insurance Companies
P.O. Box 60429                                         Fire Claims
Charleston, SC  29419                                  PO BOX 106169
                                                       Atlanta, GA  30348-6169
                                                       Fax 844 236 3646


### CER  IFIED MAIL – RETURN RECEIPT REQUESTED AND REGULAR MAIL

Re:    Insured:       First Financial of Charleston, Inc.
       Claim No.:     40-22Q9-03V
       Policy No.:    99-CV-4371-3
       Style of Case: *Otha Delaney, Individually and on behalf of all others similarly situated v.*
                      *First Financial of Charleston, Inc.*
       C.A. No.:      2011-CP-10-07166

Dear Sir or Madam:

State Farm Fire & Casualty Company ("State Farm") has been provided with a copy of an amended complaint in the above-referenced lawsuit which names First Financial of Charleston, Inc. ("First Financial") as a defendant. The claims asserted in the lawsuit arise out of certain practices for the repossession and disposition of collateral.  State Farm is investigating whether liability coverage is afforded to First Financial under a business policy of insurance issued by State Farm.

Based upon State Farm's investigation into the claims and the applicable policy, it appears that there may or may not be coverage under the policy for the claims asserted against First Financial.  As such, State Farm will provide a defense to First Financial subject to a full and complete reservation of its rights under the terms, conditions and provisions of the policy and pursuant to the applicable law. Towards this end, State Farm has retained Mandi Dudgeon of Chandler & Dudgeon to defend First Financial.  While State Farm has agreed to provide First Financial with a defense, it reserves the right to deny the existence of a duty to defend and/or the duty to indemnify if it is determined that the claims are not covered.  Further, State Farm reserves the right to withdraw from the representation if it is determined that no coverage exists. It also reserves the right to file suit and seek a judicial declaration that no coverage and/or defense is provided under the policy at issue to First Financial or anyone else seeking coverage or defense for these claims. The coverage issues in this matter and State Farm's positions on these issues are discussed in detail below.

I.    **Factual Background**

As mentioned, this matter arises out of certain practices for the repossession and disposition of collateral.  According to the amended complaint, on October 12, 2007, the plaintiff, Otha

EXHIBIT 1

Delaney, entered in a Retail Installment Sales Contract ("RISC") for the purchase of a 2003 Chevrolet truck from Coliseum Motors. *Amended Complaint*, ¶ 13. Thereafter, Coliseum Motors assigned the RISC to First Financial, allegedly giving them a security interest in the vehicle. *Id*. at ¶ 17.

On May 1, 2008, First Financial repossessed the vehicle. *Id*. at ¶ 21. After repossessing the vehicle, RISC allegedly mailed a presale notice to the plaintiff advising him of its intent to dispose of the vehicle. *Id*. at ¶ 22. According to the amended complaint, the presale notice did not comply with the requirements of South Carolina's Uniform Commercial Code ("UCC"). *Id*. at ¶¶ 24-25. Moreover, the plaintiff alleges that First Financial's post-sale notice likewise did not comply with the UCC. *Id*. at ¶¶ 26-28.

The plaintiff alleges that the defective pre-sale and post-sale notices, and the alleged reporting of false or inaccurate information on credit reports, harmed credit worthiness, credit standing, and general reputation. *Id*. at ¶ 31. Moreover, the plaintiff alleges that the notices defamed him, violated privacy rights. *Id*. at ¶¶ 32-33.

On October 4, 2011, Otha Delaney, individually and on behalf of all others similarly situated, filed a complaint in the Charleston County Court of Common Pleas against First Financial. By order dated April 30, 2013, the Court granted a motion to dismiss filed by First Financial. Thereafter, the plaintiff appealed the ruling. The South Carolina Supreme Court ultimately reversed the decision and remanded the matter back to the Court of Common Pleas on July 17, 2019.

On March 30, 2021, the plaintiff filed an amended complaint. In the amended complaint, the plaintiff asserts two claims under the UCC for violations allegedly contained in the pre-sale and post-sale notices. The plaintiff alleges that as a result of the alleged failure to comply with the requirements, he and the fellow class members have been damaged in a number of particulars, including:

a.    loss of use of tangible property;
b.    loss resulting from the inability to obtain financing;
c.    harm to credit worthiness;
d.    harm caused by defamation, slander, and libel;
e.    harm caused by invasion of privacy; and
f.    other damages.

*Id*. at ¶ 78.

## II.    The Policy – Basis of Reservation

State Farm issued a business policy of insurance to First Financial, bearing policy number 99-CV-4371-3, for the policy period of January 9, 2008 to January 9, 2009 ("the Policy"). The Policy contains various endorsements, conditions, provisions, definitions and exclusions that may limit and/or preclude coverage. We direct your attention to the following policy provisions:

Key terms in the policy are defined in **SECTION II- DEFINITIONS**:

3.    **bodily injury** means **bodily injury**, sickness or disease sustained by a person, including death resulting from the **bodily injury**, sickness or disease at any time;

EXHIBIT 1

10.    **occurrence** means:

    a.    an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **property damage**; or

    b.    the commission of an offense, or a series of similar or related offenses, which results in **personal injury** or **advertising injury**.

For purposes of this definition, **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property will be considered an accident;

11.    **personal injury** means injury, other than **bodily injury**, arising out of one or more of the following offenses:

    d.    oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

    e.    oral or written publication of material that violates a person's right of privacy;

14.    **property damage** means:

    a.    physical injury to or destruction of tangible property, including all resulting loss of use of that property. All such loss of use will be considered to occur at the time of the physical injury that caused it; or

    b.    loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use will be considered to occur at the time of the **occurrence** that caused it;

The Policy's insuring agreement provides as follows:

**COVERAGE L -
BUSINESS LIABILITY**

We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury**, **property damage**, **personal injury** or **advertising injury** to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.  This insurance applies only:

1.    to **bodily injury** or **property damage** caused by an occurrence which takes place in the **coverage territory** during the policy period;

2.    to **personal injury** caused by an occurrence committed in the **coverage territory** during the policy period. The occurrence must arise out of the conduct

of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

In order to trigger coverage under the Policy, the insuring agreement requires that the claims asserted against First Financial constitute (1) an "occurrence" which results in "bodily injury" or "property damage" or (2) "personal injury" caused by an offense arising out of your business. Here, the plaintiff has asserted claims under the UCC alleging that he has been damaged in the following particulars:

a.    loss of use of tangible property;
b.    loss resulting from the inability to obtain financing;
c.    harm to credit worthiness;
d.    harm caused by defamation, slander, and libel;
e.    harm caused by invasion of privacy; and
f.    other damages.

*Amended Complaint*, ¶ 78.

As an initial matter, these alleged harms do not constitute "property damage" or "bodily injury." "Property damage" is defined by the Policy as "physical damage to or destruction of tangible property, including the loss of use of such property." The plaintiff has not asserted any allegations of physical injury to tangible property or any claims for bodily injury. Rather, the plaintiff alleges only that he has sustained pecuniary losses and financial harm. These damages are economic in nature and, thus, do not constitute bodily injury or property damage. Likewise, the Policy defines "bodily injury" as "bodily injury, sickness or disease." "Bodily injury" does not include emotional trauma unless it arises out of an actual physical injury.

With regard to the alleged defamation and invasion of privacy claims, defamation and invasion of privacy are two of the enumerated offenses which trigger personal injury coverage under the Policy. However, the offense resulting in the "personal injury" must arise out of an offense committed during the policy period. The Policy was in effect between January 9, 2008 to January 9, 2009. While it appears the alleged offense regarding the named plaintiff may have occurred between these dates, the lawsuit asserts claims for all similarly situated individuals. To the extent any such claims did not occur during the policy period, there may be no coverage under the Policy for such claims.

We next refer you to the **BUSINESS LIABILITY EXCLUSIONS** section of the Policy, which provides, in pertinent part:

Under Coverage L, this insurance does not apply:

16.    to **personal injury** or **advertising injury** *(as modified by FE-6656)*:

a.    caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict **personal injury** or **advertising injury**;

b.    arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity;

EXHIBIT 1

The Policy excludes coverage for "personal injury" when the insured acted with knowledge that the act would violate the rights of another or when material is published with knowledge of such material's falsity.  While the plaintiff's defamation and invasion of privacy claims appear to trigger the Policy's insuring agreement, to the extent that it is determined that First Financial acted with knowledge that the act would violate the plaintiff's rights or knowledge of the falsity of any publication of material, coverage for those claims may be excluded.

Finally, we refer you to **SECTION II GENERAL CONDITIONS**, which provides, in pertinent part:

   3.    **Duties in the Event of Occurrence, Claim or Suit**.

         a.    You must see to it that we are notified promptly of an **occurrence** that may result in a claim. Notice should include:

               (1)    how, when and where the **occurrence** took place; and

               (2)    the names and addresses of any injured persons and witnesses.

         b.    If a claim is made or **suit** is brought against any insured, you must see to it that we receive prompt written notice of the claim or **suit**.

         c.    You and any other involved insured must:

               (1)    immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **suit**;

Under the terms and conditions of the Policy, in order to trigger coverage, First Financial must promptly notify State Farm of a claim and provide it with any suit papers once received.  Here, the lawsuit was originally filed in 2011.  First Financial did not provide State Farm with notice of the lawsuit until 2021.  To the extent this late notice substantially prejudiced State Farm's ability to provide a defense to First Financial, there may be no coverage under the Policy for the claims asserted against First Financial in this matter.

## III.    Conclusions

For these reasons, based on the allegations in the amended complaint and the facts known at this time, it appears that there may or may not be coverage under the Policy for the claims asserted against First Financial.  This correspondence should not be construed as an exhaustive listing of all applicable policy provisions in the Policy or of the rights that State Farm may have under the Policy or the applicable law.  There may be additional policy provisions, exclusions and/or endorsements that apply to limit or preclude coverage for this loss under the Policy as new information is obtained through State Farm's continued investigation and assessment.

While State Farm believes there may be no coverage for the claims brought against First Financial, it will provide a defense to First Financial subject to a full reservation of all of its rights and defenses in every respect under the terms, conditions and provisions of the policy and pursuant to the applicable law. This reservation of rights includes the right to disclaim coverage and the right to refuse any payment under the policies for settlements or judgments that may be assessed against you or anyone else relating to this claim.  State Farm further reserves the right

to modify this reservation of rights or further supplement this reservation of rights as new information is obtained through its investigation and assessment.

In addition, because there are potentially covered and non-covered claims asserted against you, if this matter does proceed to trial, it may be necessary to obtain responses from the jury to special interrogatories as to whether the plaintiff's damages the result of conduct done with knowledge that it would violate the plaintiff's right or with knowledge that the publication of material was false.  State Farm reserves the right to file suit, either during this litigation or after the entry of a verdict, seeking a judicial declaration that no or limited coverage and/or defense is provided under the Policy at issue to First Financial or anyone else seeking coverage or defense for these claims and/or damages.

As mentioned, State Farm has retained Mandi Dudgeon to represent First Financial in this action.  Although State Farm is providing this defense under a reservation of rights, Ms. Dudgeon's obligations are to you, as her clients.  While Ms. Dudgeon will provide First Financial with a complete defense to all claims, because there may be no coverage or limited coverage under the policy, State Farm wishes to advise First Financial that it also may wish to obtain personal counsel at its own expense to protect its interests as it deems necessary.

Under the rules of the court in which this lawsuit is filed, if you wish to assert any claim against the above-named plaintiff for damages arising out of this incident, you must file a counterclaim for such damages in this suit.  If this lawsuit is settled or tried without your filing a counterclaim, you will have no right to file a separate lawsuit against this plaintiff for the collection of your damages.  If you wish to present any claim for your damages against the plaintiff, please discuss the matter with the above-named attorney at once, either personally or through your personal attorney.

Finally, nothing in this letter should be construed as an admission of liability for any portion of the potential claims, or as a waiver, modification or estoppel with respect to State Farm's policy terms, conditions, limitations, endorsements or exclusions. All of State Farm's rights, remedies or defenses, both legal and equitable, remain expressly reserved.

It may be necessary to contact you on short notice.  We request that you immediately notify this office, and the attorneys as to any change in your present address, even though it may be a temporary change.

Should you have any questions regarding the above, please contact your Claim Specialist Theresa O'Connor (610) 358-7464.

Sincerely,


Lisa Renee Pratt, CPCU
Claim Team Manager
Casualty Claims
(844) 458-4300 Ext. 6103588625
statefarmfireclaims@statefarm.com

EXHIBIT 1

cc:      Attorney Mandi Dudgeon of Chandler & Dudgeon (via email)

cc:      Attorney Russ Hines of Clement Rivers LLP (via email)