IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, | Civil Action No. 2:23-cv-263-RMG |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANT** <br> **FIRST FINANCIAL OF CHARLESTON, INC.** |
| First Financial of Charleston, Inc. and Otha Delaney, individually and on behalf of all others similarly situated, | (Jury Trial Demanded On All Issues So Triable) |
| Defendants. | |

By and through its undersigned counsel, Defendant First Financial of Charleston, Inc. ("FFC") hereby answers the complaint [ECF No. 1] (the "Complaint") of Plaintiff, State Farm Fire and Casualty Company ("State Farm").

**GENERAL DENIAL**

FFC hereby denies all allegations of the Complaint—including State Farm's prayer for relief, i.e., the concluding paragraph of the Complaint (beginning "WHEREFORE"), and all subparagraphs—except to the extent expressly stated otherwise in the specific responses below.

**SPECIFIC RESPONSES**[1]

1.  Admitted.

2.  Admitted.

3.  FFC lacks knowledge or information sufficient to form a belief about the truth of the alleged citizenship and residency of Mr. Delaney. Regarding Mr. Delaney's alleged purchase of a vehicle at Coliseum Motors in Charleston, South Carolina, FFC admits that, on or about

---

[1] Each specific response is numbered to match the corresponding paragraph of the Complaint.

October 12, 2007, Mr. Delaney entered into a Retail Installment Contract for the purchase of a 2003 Chevrolet pick-up truck from Coliseum Motors.

4. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, FFC admits that State Farm has brought the instant action as a declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201–2202.

5. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, FFC admits that State Farm is basing this Court's subject matter jurisdiction over the instant action on the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a).

6. Subject to and without waiving FFC's denial of liability and defenses in the Underlying Lawsuit (identified in the Complaint), to include, without limitation, FFC's pending appeal in the Underlying Lawsuit (which, as of the date of this filing, remains before the Supreme Court of South Carolina on FFC's pending petition for a writ of certiorari to review the South Carolina Court of Appeals' dismissal of FFC's appeal of the circuit court's denial of its motion to dismiss the Amended Complaint in the Underlying Lawsuit), and the potential impact of the same on the instant action, FFC admits, on information and belief, that, based on the amount Mr. Delaney is claiming in damages on behalf of the class (*see* Paragraph 24 of the Complaint and Mr. Delaney's Answer thereto [ECF No. 6 at Paragraph 24]), as well as the monetary value of State Farm's duty to defend FFC in the Underlying Action, the amount in controversy in the instant action exceeds the sum of $75,000, exclusive of interest and costs.

7. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, subject to and without

waiving FFC's denial of liability and defenses in the Underlying Lawsuit (identified in the Complaint), to include, without limitation, FFC's pending appeal in the Underlying Lawsuit (which, as of the date of this filing, remains before the Supreme Court of South Carolina on FFC's pending petition for a writ of certiorari to review the South Carolina Court of Appeals' dismissal of FFC's appeal of the circuit court's denial of its motion to dismiss the Amended Complaint in the Underlying Lawsuit), and the potential impact of the same on the instant action, and also subject to and without waiving FFC's ability to argue that the instant action should be stayed or otherwise not proceed on account of the pendency of the Underlying Lawsuit, FFC admits, on information and belief, that a justiciable controversy exists between the parties in the instant action concerning whether coverage exists for FFC under the Policy (identified in the Complaint) with respect to the Underlying Lawsuit.

8. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, subject to and without waiving FFC's denial of liability and defenses in the Underlying Lawsuit (identified in the Complaint), to include, without limitation, FFC's pending appeal in the Underlying Lawsuit (which, as of the date of this filing, remains before the Supreme Court of South Carolina on FFC's pending petition for a writ of certiorari to review the South Carolina Court of Appeals' dismissal of FFC's appeal of the circuit court's denial of its motion to dismiss the Amended Complaint in the Underlying Lawsuit), and the potential impact of the same on the instant action, and also subject to and without waiving FFC's ability to argue that the instant action should be stayed or otherwise not proceed on account of the pendency of the Underlying Lawsuit, FFC admits, on information and belief, that the matters and allegations contained in the Complaint are

within the subject matter and personal jurisdiction of this Court and that venue is proper in this Court.

## Facts

9. FFC admits that State Farm issued the referenced Policy to it, but FFC lacks knowledge or information sufficient to form a belief about the truth of the allegation that **Exhibit A** to the Complaint contains complete copies of the Policy for the referenced periods.

10. FFC admits that the instant action relates to the referenced Underlying Lawsuit and that **Exhibit B** to the Complaint is a copy of the Amended Complaint in the Underlying Lawsuit Admitted without the exhibits thereto.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. The Amended Complaint in the Underlying Lawsuit speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Amended Complaint.

16. The Amended Complaint in the Underlying Lawsuit speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Amended Complaint.

17. The referenced contract speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the contract.

18. The Amended Complaint in the Underlying Lawsuit speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Amended Complaint.

19. The Amended Complaint in the Underlying Lawsuit speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Amended Complaint.

20. The Amended Complaint in the Underlying Lawsuit speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Amended Complaint.

21. The Amended Complaint in the Underlying Lawsuit speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Amended Complaint.

22. The Amended Complaint in the Underlying Lawsuit speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Amended Complaint.

23. The Amended Complaint in the Underlying Lawsuit speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Amended Complaint.

24. Subject to and without waiving FFC's denial of liability and defenses in the Underlying Lawsuit (identified in the Complaint), to include, without limitation, FFC's pending appeal in the Underlying Lawsuit (which, as of the date of this filing, remains before the Supreme Court of South Carolina on FFC's pending petition for a writ of certiorari to review the South Carolina Court of Appeals' dismissal of FFC's appeal of the circuit court's denial of its motion to dismiss the Amended Complaint in the Underlying Lawsuit), FFC admits, on information and belief, that, Mr. Delaney is claiming in damages in excess of $9,000,000.00 on behalf of the class (*see* Paragraph 24 of the Complaint and Mr. Delaney's Answer thereto [ECF No. 6 at Paragraph 24]).

**For a First Cause of Action**
(Declaratory Judgment)

25. FFC incorporates its answers in Paragraphs 1 through 24 above.

26. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, subject to and without waiving FFC's denial of liability and defenses in the Underlying Lawsuit (identified in the Complaint), to include, without limitation, FFC's pending appeal in the Underlying Lawsuit

(which, as of the date of this filing, remains before the Supreme Court of South Carolina on FFC's pending petition for a writ of certiorari to review the South Carolina Court of Appeals' dismissal of FFC's appeal of the circuit court's denial of its motion to dismiss the Amended Complaint in the Underlying Lawsuit), and the potential impact of the same on the instant action, and also subject to and without waiving FFC's ability to argue that the instant action should be stayed or otherwise not proceed on account of the pendency of the Underlying Lawsuit, FFC admits, on information and belief, that a justiciable controversy exists between the parties in the instant action concerning whether coverage exists for FFC under the Policy (identified in the Complaint) with respect to the Underlying Lawsuit.

27. The Policy speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Policy, or the applicable law.

28. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, the Policy speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Policy, or the applicable law.

29. The Policy speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Policy, or the applicable law.

30. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, the Policy speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Policy, or the applicable law.

31. The Policy speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Policy, or the applicable law.

32. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, the Policy speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Policy, or the applicable law.

33. The Policy speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Policy, or the applicable law.

34. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, the Amended Complaint in the Underlying Lawsuit speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Amended Complaint, or the applicable law.

35. The Policy speaks for itself, so the allegations in this paragraph are denied to the extent they conflict with the Policy, or the applicable law.

36. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, FFC denies this paragraph.

37. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, FFC denies this paragraph.

38. To the extent that this paragraph alleges a legal conclusion(s), no response from FFC is required; however, to the extent a response from FFC is required, FFC denies this paragraph.

## AFFIRMATIVE DEFENSES

### Fed. R. Civ. P. 12(b)(6)

1. The Complaint should be dismissed, in whole or in part, under Rule 12(b)(6) to the extent that it fails to state a claim upon which relief can be granted.

### Lack of Proper Notice

2. To the extent State Farm relies on policy exclusions or exceptions to coverage that were added to the Policy without proper notice, those exclusions or exceptions are void and unenforceable.

### Estoppel and/or Waiver

3. To the extent applicable, State Farm's prayer for relief should be denied, in whole or in part, based on estoppel and/or waiver, to include, without limitation, because State Farm's reservation of rights letter failed to give fair notice of the bases on which State Farm might dispute coverage, was ambiguous, and/or otherwise insufficient.

### Laches and/or Unclean Hands

4. To the extent applicable, State Farm's prayer for relief should be denied, in whole or in part, based on laches and/or unclean hands.

### Incorporation of Defenses Raised/Asserted by Other Defendants

5. To the extent applicable and not inconsistent with FFC's interests, FFC hereby adopts and incorporates by reference any and all defenses (affirmative or otherwise) raised/asserted in any and all pleadings filed in this action, or to be filed in this action, by any and all other named defendants.

**Reservation and Non-Waiver**

6.     FFC reserves and does not waive any and all rights to assert any other or further defenses that might be or become available in this action.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, FFC prays that State Farm take nothing/be denied all relief it seeks (with the Complaint being dismissed with prejudice or with judgment on the merits being entered in favor of FFC as to all relief sought by Plaintiff in this action); that FFC be awarded all available costs, fees, and/or other disbursements relating to this action, to include, without limitation, all available interest thereon; and that this Honorable Court award FFC any/all other or further relief it may deem to be just and proper.

***A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE***

Respectfully submitted,

CLEMENT RIVERS, LLP

By:     s/Russell G. Hines
Stephen L. Brown (Federal ID No. 6428)
sbrown@ycrlaw.com
Russell G. Hines (Federal ID No. 9813)
rhines@ycrlaw.com
25 Calhoun Street, Suite 400
Charleston, South Carolina 29401
P.O. Box 993 (29402)
843-724-6641

*Attorneys for Defendant*
*First Financial of Charleston, Inc.*

Charleston, South Carolina

April 10, 2023