**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| State Farm Fire and Casualty Company,<br><br>Plaintiff,<br><br>vs.<br><br>First Financial of Charleston, Inc. and Otha Delaney, individually and on behalf of all others similarly situated,<br><br>Defendants. | ) | **STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>**C.A. No: 2:23-cv-263-RMG** |

Plaintiff State Farm Fire and Casualty Company ("State Farm"), pursuant to Federal Rule of Civil Procedure 12(c), moves the court for partial judgment on the pleadings as to its declaratory judgment claims and Defendant Otha Delaney's and Defendant First Financial of Charleston, Inc.'s declaratory judgment counterclaims on the following grounds:

1. This is a declaratory judgment action brought by State Farm to determine whether it has a duty to defend and indemnify Defendant First Financial of Charleston, Inc. ("First Financial") under a business policy of insurance State Farm issued to it bearing policy number 99-CV-4371-3, in effect from January 9, 2008 through January 9, 2022, for alleged violations of the South Carolina Uniform Commercial Code ("SC UCC") in an underlying lawsuit pending since 2021 in the Charleston County Court of Common Pleas ("Underlying Lawsuit"). *See* Exhibit B to Complaint [D.E. #1-15].

2. Defendant Otha Delaney ("Delaney") is judicially estopped from characterizing the claims in the Underlying Lawsuit as claims for "bodily injury," "property damage," "personal injury" or "personal and advertising injury" when he specifically and expressly represented to the

court in the underlying lawsuit that he was pursuing claim for statutory violations of the SC UCC and statutory damages only.

3. There is no coverage under the policy because the claims asserted in the amended complaint in the Underlying Lawsuit do not constitute an "occurrence."

4. There is no coverage under the policy because Delaney does not seek damages because of "bodily injury," "property damage," "personal injury" or "personal and advertising injury" as defined in the policy.

5. There is no coverage under the policy because the definitions of "bodily injury," "property damage," "personal injury" and "personal and advertising injury" do not include statutory damages.

6. There is no coverage under the policy because Delaney does not assert any claims that constitute "personal injury" or "personal and advertising injury" in the amended complaint in the Underlying Lawsuit.

7. There is no coverage under the policy for claims in the Underlying Lawsuit for non-monetary relief.

8. First Financial's failure to comply with conditions precedent to coverage caused substantial prejudice to State Farm and, therefore, there is no coverage under the policy for the claims asserted against First Financial in the Underlying Lawsuit.

9. State Farm's reservation of rights letters do not trigger a duty to defend First Financial in the Underlying Lawsuit.

Alternatively, if the Court grants Delaney's cross-motion for partial judgment on the pleadings and determines State Farm has a duty to defend, which State Farm denies, this declaratory judgment action should be stayed until the Underlying Lawsuit is complete.

In support of this Motion, State Farm relies upon applicable common and statutory law, the pleadings and exhibits thereto, and its Memorandum in Support of its Motion for Partial Judgment on the Pleadings and in Opposition to Delaney's Motion for Partial Judgment on the Pleadings filed contemporaneously with this Motion pursuant to Local Civil Rule 7.04.

Respectfully submitted,

s/ Jennifer E. Johnsen
Jennifer E. Johnsen (Fed. Bar No. 5427)
Natalie R. Ecker (Fed. Bar No. 12931)
GALLIVAN, WHITE & BOYD, P.A.
Post Office Box 10589
Greenville, South Carolina 29603
(864) 271-9580

AND

Robert W. Whelan (Fed. Bar No. 9242)
Charles R. Norris (Fed. Bar No. 2549)
WHELAN MELLEN & NORRIS, LLC
89 Broad Street
Charleston, SC 29401
(843) 998-7099

Attorneys for Plaintiff,
State Farm Fire and Casualty Company

October 30, 2023