# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, ) | Civil Action No. 2:23-cv-00263-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **FFC'S[1] RESPONSE IN SUPPORT OF MR. DELANEY'S[2] MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND JOINDER IN SAID MOTION** |
| ) | |
| First Financial of Charleston, Inc. and ) | |
| Otha Delaney, individually and ) | |
| on behalf of all others similarly situated, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, State Farm Fire and Casualty Company ("State Farm"), filed this action seeking a declaratory judgment that it has no duty to defend or indemnify FFC under a certain policy of insurance (the "Subject Policy") with respect to a pending South Carolina state court action brought by Mr. Delaney (the "Underlying Lawsuit"). (*See* ECF No. 1 [Compl.].)

Mr. Delaney has counterclaimed for a declaratory judgment that State Farm has duties both to defend and indemnify FFC under the Subject Policy with respect to the Underlying Lawsuit. (*See* ECF No. 6 [Mr. Delaney's Answer & Counterclaim].) FFC, too, has counterclaimed for a declaratory judgment that State Farm has duties both to defend and indemnify it under the Subject Policy with respect to the Underlying Lawsuit—or, alternatively, given that the Underlying Lawsuit is ongoing and has not been fully and finally adjudicated, for a declaratory judgment that State Farm has a duty to defend FFC in the Underlying Lawsuit and a determination that State Farm's request for a declaratory judgment that it does not have a duty to indemnify FFC with respect to the Underlying Lawsuit is premature and cannot be granted at

---

[1] "FFC" refers to Defendant First Financial of Charleston, Inc.
[2] "Mr. Delaney" refers to Defendant Otha Delaney, individually and on behalf of all others similarly situated.

this time. (*See* ECF No. 26 [FFC's Am. Answer & Counterclaim].) FFC has also counterclaimed against State Farm for bad faith with respect to first-party benefits under the Subject Policy. (*Id.*)

By motion filed October 16, 2023 (ECF No. 30), Mr. Delaney now seeks a partial judgment on the pleadings, asking the Court to declare that State Farm had and continues to have a duty to defend FFC with respect to the Underlying Lawsuit and to dismiss without prejudice the parties' claims regarding the duty to indemnify as premature.

While maintaining its denial of the liability alleged against it in the Underlying Lawsuit, and making clear that nothing herein should be construed as waiving or in any way whatsoever otherwise undermining its defense of the Underlying Lawsuit in any way, nor, for that matter, should it be construed as waiving or in any way whatsoever otherwise undermining its bad faith claim against State Farm in the instant action, FFC supports the Court's grant of the relief requested in Mr. Delaney's motion for a partial judgment on the pleadings and hereby joins Mr. Delaney in requesting such relief.

<center>**&lt;SIGNED ON THE FOLLOWING PAGE&gt;**</center>

                                  Respectfully submitted,

                                  CLEMENT RIVERS, LLP

By:    <u>s/Russell G. Hines</u>
        Stephen L. Brown (Federal ID No. 6428)
        sbrown@ycrlaw.com
        Russell G. Hines (Federal ID No. 9813)
        rhines@ycrlaw.com
        25 Calhoun Street, Suite 400
        Charleston, South Carolina  29401
        P.O. Box 993  (29402)
        843-724-6641

*Attorneys for Defendant*
*First Financial of Charleston, Inc.*

Charleston, South Carolina

October 30, 2023