UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:23-cv-263-RMG |
| | ) | |
| First Financial of Charleston, Inc. and Otha Delaney, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**Defendant Otha Delaney's Response to Oppose
Plaintiff's Motion for Partial Judgment on the Pleadings**

Delaney, by his attorneys, opposes State Farm's partial motion for judgment on the pleadings (Dkt. No. 31).[1] As explained in Delaney's Motion and below, State Farm's motion should be denied and Delaney has the right to judgment in his favor because State Farm had and continues to have a duty to defend First Financial in the Underlying Lawsuit.[2]

**Introduction**

State Farm correctly recognizes its "duty to defend and indemnify is determined by the allegations in the complaint," (Dkt. No. 32 at 8) but accuses Delaney of seeking partial judgment on the pleadings "based on selective allegations" in the Underlying Lawsuit and "blatantly ignor[ing] the totality of his allegations and requested relief in the Underlying Lawsuit…." (*Id.* at 8–9). These accusations are not only wrong but are hypocrisy. The only allegations in the

---

[1] All capitalized terms have the meaning ascribed to them in Delaney's motion for partial judgment on the pleadings (Dkt. No. 30) ("Delaney's Motion"), unless defined otherwise in this response.

[2] State Farm filed a combined supporting memorandum to its motion and a response to Delaney's Motion. (Dkt. No. 32). The local rules discourage replies. *See* Local Civ. Rule 7.07 (D.S.C.). Rather than reply to Delaney's Motion, Delaney responds to State Farm's motion but recognizes this response also supports granting Delaney's Motion given the overlapping issues.

1

Underlying Lawsuit cited or analyzed by State Farm are ¶¶ 30, 77–78, 80–82. (Dkt. No. 32 at 2, 15). The "duty to defend is triggered where the underlying complaint includes *any* allegation that raises the possibility that coverage exists." *McElveen v. The Cincinnati Ins. Co.*, 422 F. Supp. 3d 1068, 1074 (D.S.C. Oct. 30, 2019) (emphasis added). State Farm ignores the allegations that raise the possibility that coverage exists—and that State Farm admitted "trigger personal injury coverage under the Policy." (Dkt. No. 6-1 at 4–5) (August 19, 2021 letter from State Farm to First Financial noting "[w]ith regard to the alleged defamation and invasion of privacy claims, defamation and invasion of privacy are two of the enumerated offenses which trigger personal injury coverage under the Policy"). Rather than compare the allegations in the Underlying Lawsuit to the language in the State Farm policies, State Farm focuses on the briefing and ruling on class certification in the Underlying Lawsuit (*id.* at 9–13, 18). These documents are not only irrelevant to the duty to defend, but they don't support State Farm's request for judicial estoppel or find it has no duty to defend.

## Legal Standard

Delaney explained the correct legal standard for judgment on the pleadings and to decide State Farm's duty to defend under South Carolina law. However, State Farm invents a "totality of the allegations" test found nowhere in South Carolina law. (Dkt. No. 32 at 9, 16–17) (citing *City of Hartsville v. S.C. Mun. Ins. & Risk Financing Fund*, 677 S.E.2d 574, 578–79 (S.C. 2009); *State Farm Fire & Cas. v. Barrett*, 530 S.E.2d 132, 137 (S.C. Ct. App. 2000)). *City of Hartsville* and *Barrett* never use the word "totality" or the phrase "totality of the allegations." Rather, this "District has previously explained, 'the duty to defend is triggered where the underlying complaint includes *any allegation* that raises the possibility of coverage.'" *Cincinnati Ins. Co. v. Charlotte Paint Co., Inc.*, 2020 WL 6049144, at *7 (D.S.C. Oct. 13, 2020) (quoting *Auto-Owners Ins. Co. v. Newsome,* 2013 WL 3148334, at *4 (D.S.C. June 19, 2013)) (emphasis in original); *see also Cont'l*

2

*Cas. Co. v. Amerisure Ins. Co.*, 886 F.3d 366, 371 (4th Cir. 2018) ("an insurer must defend its insured against a lawsuit unless *no* allegation is even arguably covered by the policy.") (internal quotes, ellipses, and citations omitted; emphasis added)).[3]

## Discussion

Comparing Delaney's allegations in the Underlying Lawsuit to the language in the State Farm policies shows there is a possibility of coverage, so State Farm has a duty to defend. Indeed, State Farm conceded it has a duty to defend: "Because it appears that the allegations set forth in Paragraph 78, subparts d. and e. of the Amended Complaint may constitute 'personal injury'/'personal and advertising injury' under the Policy, State Farm has agreed to provide First Financial with a defense…." (Dkt. No. 33-2).

**1.     State Farm's coverage analysis is untethered to Delaney's allegations.**

In State Farm's own words: "With regard to the alleged defamation and invasion of privacy claims, defamation and invasion of privacy are two of the enumerated offenses which ***trigger personal injury coverage under the Policy.***" (Dkt. No. 6-1 at 4). State Farm ignores this admission and the Underlying Lawsuit's allegations that led to it:

> 31. The defective presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the class members' credit reports harmed the class members' credit worthiness, credit standing, credit capacity, character, and general reputation.

---

[3] State Farm attaches exhibits to memorandum to support its motion and oppose Delaney's Motion and suggests the Court may consider them on a motion for judgment on the pleadings. (Dkt. No. 32 nn. 1, 2). This may be true when the documents are "integral to and explicitly relied on in the complaint," *id.*, but no party's pleadings relied on State Farm's exhibits and none of them are integral to whether there is a duty to defend, which is based on the allegations in the Underlying Lawsuit. The Court should disregard State Farm's exhibits as irrelevant and inapposite.

> 32. The defective presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the class members' credit reports were oral or written publication of material that defames, slanders or libels the class members.
>
> 33. The defective presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the class members' credit reports were oral or written publication of material that invaded the Class's privacy rights.

(Dkt. No. 1-15 at ¶¶ 31–33). State Farm also ignores, and does not try to distinguish, the cases cited by Delaney that have held these "allegations invoke the possibility of coverage, triggering State Farm's duty to defend." (Dkt. No. 30 at 10–11) (citing *Universal N. Am. v. Frey*, No. 2:11-cv-02381-DCN, 2012 WL 2428560, at *2 (D.S.C. June 27, 2012) (allegations "that Frey made 'false and defamatory statements regarding Burns'" show "that the underlying complaint raises a claim for a covered 'personal injury.'"); *Alltru Fed. Credit Union v. Starnet Ins. Co.*, No. 4:21-cv-01334-JAR, 2022 WL 4482405, at *7 (E.D. Mo. Sept. 27, 2022) (finding identical allegations to Delaney's "show a potential for coverage under Insuring Agreement K," which included coverage for "libel or slander … that defames a person… or … violation of the right of privacy…."); *Anheuser Busch Emp. Credit Union v. Travelers Prop. Cas. Co. of Am.*, No. 4:18-cv-1208-CDP, 2020 WL 1675685, at *5 (E.D. Mo. Apr. 6, 2020) (undisputed the damages stemming from "allegedly false or derogatory credit reporting would be covered as 'personal injury' damages" in policies with same language as in State Farm's policies)).

Under the controlling law, if there is any possibility for coverage after comparing the underlying complaint and the operative policy, the insurer must defend its policyholder. Here, the underlying complaint and State Farm's policies establish, at the very minimum, the possibility of coverage.

**2.   State Farm cannot use judicial estoppel to escape its duty to defend First Financial.**

Because the Underling Lawsuit has allegations that trigger "Personal Injury" and "Personal Advertising Injury" and seeks damages because of those allegations, State Farm's chief argument is untethered to comparing the allegations to its policies. Rather, State Farm asks the Court to use judicial estoppel to find it has no duty to defend *First Financial* based on legal positions taken by *Delaney* in class certification briefing. This argument is procedurally and substantively without merit.

   **i.   *State Farm's request for judicial estoppel is procedurally improper.***

First, "judicial estoppel is an affirmative defense that [State Farm] had the burden of proving." *In re Buscone*, 61 F.4th 10, 26 n. 1 (1st Cir. 2023); *see also Vertellus Holdings LLC v. W.R. Grace & Co.-Conn.*, No. CV 1:18-cv-03298-SAG, *12–13 (D. Md. Aug. 15, 2022) (party's failure to plead judicial estoppel resulted in waiver of that defense). Here, State Farm did not plead judicial estoppel as an affirmative defense to its duty to defend and should not be allowed to do so to support its motion for judgment on the pleadings.

Second, State Farm's duty to defend First Financial is decided by comparing what Delaney "*has alleged* in the state court action with the language of" State Farm's policies. *Gen. Star Indem. Co. v. Condustrial, Inc.*, No. 2:22-cv-3811-RMG, 2023 WL 388135, at *5 (D.S.C. Jan. 25, 2023). The legal positions taken by Delaney in class certification are not only irrelevant to the duty to defend but require this court to wade into matters outside the pleadings. *Tyler v. Cashflow Techs.*, Inc., 2016 WL 6538006, at *5 (W.D. Va. Nov. 3, 2016) (refusing to apply judicial estoppel based on facts outside the pleadings); *Williams v. Branker,* 462 F. App'x 348, 352 (4th Cir. 2012) ("Matters outside of the pleadings are generally not considered in ruling on a Rule 12 motion.").

ii.    ***State Farm's request for judicial estoppel substantively lacks merit.***

There are "four elements that must be met before a court may apply judicial estoppel: (1) the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation; (2) the position sought to be estopped must be one of fact rather than law or legal theory; (3) the prior inconsistent position must have been accepted by the court; and (4) the party sought to be estopped must have intentionally misled the court to gain unfair advantage." *Builders FirstSource — Se. Grp., LLC v. Arch Specialty Ins. Co.*, No. CV 2:20-654-RMG, 2020 WL 4218230, at *3 (D.S.C. July 23, 2020) (internal quotes omitted). "Of note, [State Farm] point[s] to no case holding judicial estoppel to apply in comparable circumstances, and as [the Fourth Circuit has] made clear, the doctrine of judicial estoppel must be applied with caution and only in the narrowest of circumstances." *Gilliam v. Sealey*, 932 F.3d 216 (4th Cir. 2019) (internal quotes omitted). No case cited by State Farm has employed judicial estoppel based on class certification briefing and an interlocutory class certification order, which "may be altered or amended before the decision on the merits." S.C.R.P Rule 23(d). Indeed, two of the three cases cited by State Farm **refused** to apply judicial estoppel. *See Kiawah Island Util., Inc. v. Westport Ins. Corp.*, No. 2:19-CV-1359-DCN, 2019 WL 5395966 (D.S.C. Oct. 22, 2019); *In re Boyd*, 618 B.R. 133, 157 (Bankr. D.S.C. 2020).

Nor do the "specific facts and circumstances" of this case support applying judicial estoppel here. *Martineau v. Wier*, 934 F.3d 385, 394 (4th Cir. 2019). There are no allegations First Financial took inconsistent positions accepted by the state court that let First Financial gain an unfair advantage, so there is no basis to deploy judicial estoppel to let State Farm escape its duty to defend First Financial. *Id*. (judicial estoppel should not be applied to give State Farm a

"windfall"). As the Eleventh Circuit explained, the "results of judicial estoppel are drastic—a party is deprived of the right to pursue a case regardless of the claim's merits. On the other side, a party escapes potential accountability for wrongdoing without regard to the merits of the claim…. such extreme measures must rest on the circumstances of the case and not on an inference." *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 646 (11th Cir. 2019). The factors for judicial estoppel don't exist as to First Finance, nor do the circumstances of this case call for such extreme measures.

Even if relevant to State Farm's duty to defend First Financial (it's not), judicial estoppel does not apply to Delaney because State Farm has proven none of the elements. *Episcopal Church in S.C. v. Church Ins. Co. of Vermont*, No. 2:19-CV-1672-RMG, 2019 WL 6135701, at *3 (D.S.C. Nov. 19, 2019) (rejecting application of judicial estoppel).[4]

**3.     State Farm did not prove "clearly inconsistent" positions.**

The arguments presented by Delaney are "not 'clearly inconsistent' with the position he took during" class certification. *United States v. Velasquez*, 52 F.4th 133, 141 (4th Cir. 2022). "To be clearly inconsistent, positions must be mutually exclusive and directly inconsistent." *Egenera, Inc. v. Cisco Sys., Inc.,* 972 F.3d 1367, 1379 (Fed. Cir. 2020). There is "a high bar for estoppel proponents seeking to show that two positions are clearly inconsistent." *US v. Supreme Court of New Mexico*, 824 F.3d 1263, 1284 (10th Cir. 2016). Courts must "carefully consider the contexts in which [allegedly] contradictory statements are made to determine if there is, in fact, direct and irreconcilable contradiction[.]" *Id.* State Farm has not met this high bar.

The Underlying Lawsuit alleges:

> As a direct and proximate result of First Financial's failure to comply with the requirements of Subchapter 6 of Article 9 of the UCC, First Financial is liable for actual damages in the Underlying Lawsuit, including:

---

[4] Because State Farm is also seeking to employ judicial estoppel offensively to support its motion for judgment on the pleadings, the Court "view[s] the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to" Delaney. *Conner v. Cleveland Cnty.*, 22 F.4th 412, 420 (4th Cir. 2022)

      a.    loss of use of tangible property and cost of alternative transportation;
      b.    loss resulting from the inability to obtain, or increased costs of, alternative financing;
      c.    harm to credit worthiness, credit standing, credit capacity, character, and general reputation;
      d.    harm caused by defamation, slander and libel;
      e.    harm caused by invasion of privacy; and
      f.    other uncertain and hard-to-quantify damages.

(Dkt. No. 1-15 at ¶ 78).[5] Delaney prayed for a judgment against First Financial awarding, "Damages equal to the minimum damages provided by § 36-9-625(c)(2)." (Dkt. No. 1-15 at ¶ 13). Construed liberally, with all doubts resolved in First Financial's favor on the duty to defend, Delaney was and is seeking *actual* damages calculated by a statutory formula from § 36-9-625(c)(2). *Union Ins. Co. v. Soleil Grp., Inc.*, 465 F. Supp. 2d 567, 573 (D.S.C. 2006) (The underlying "complaint is construed liberally, with all doubts resolved in favor of the insured.") The official comments to the UCC confirm the damages sought by Delaney and the Class "are those reasonably calculated to put an eligible claimant in the position that it would have occupied had no violation occurred." *See* S.C. Code Ann. § 36-9-625, cmt. 3 ("Subsection (b) sets forth the basic remedy for failure to comply with the requirements of this Article: a damage recovery in the amount of loss caused by the noncompliance. Subsection (c) identifies who may recover under subsection (b).... Damages for violation of the requirements of this Article … are those reasonably calculated to put an eligible claimant in the position that it would have occupied had no violation

---

[5] Until First Financial sent compliant UCC notices, it was prohibited from selling Delaney's and the class member's vehicles (§ 9-611), seeking to collect money from them under the absolute bar rule, reporting a deficiency balance on their credit reports, or seeking to collect alleged deficiencies from them. Taking Delaney's allegations as true, First Financial caused "physical, monetary, or cognizable intangible …." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2206 (2021). Reporting false deficiency balances on credit reports means Delaney and the class "suffered a harm with a 'close relationship' to the harm associated with the tort of defamation." *Id.* at 2209. Seeking to collect money from Delaney and the class for deficiency balances despite not being owed a deficiency can cause "invasions of individual privacy." *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 699 (8th Cir. 2017) ("being subjected to attempts to collect debts not owed" can cause "invasions of individual privacy.")

occurred."); *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 910 (8th Cir. 2012) ("Statutory damages are by definition a substitute for unproven or unprovable actual damages.")

There is nothing inconsistent, let alone clearly inconsistent, between the legal arguments raised in class certification about seeking statutory damages and the arguments raised here. *Id.* ("statutory damages are designed precisely for instances where actual harm is difficult or impossible to calculate"); *Cubler v. TruMark Financial Credit Union*, 83 A.3d 235, 241–42 (Pa.Super.Ct.2013) (explaining UCC § 9-625(c)(2) "provides a damages formula that is expressly linked to the aggrieved party's *injury*" and was created "in recognition of the inherent difficulty for a claimant to quantify and prove actual damages.") A "duty to defend would exist because a portion of the fixed amount represents a liquidated sum for uncertain and hard-to-quantify actual damages." *Universal Underwriters v. Lou Fusz Automotive*, 401 F.3d 876, 881 (8th Cir. 2005).

Nor is Delaney "mischaracterizing the facts in the Underlying Lawsuit as facts supporting common law claims for defamation and invasion of privacy, rather than statutory violations." (Dkt. No. 32 at 11). Instead, Delaney's characterization is consistent with State Farm's characterization of his Underlying Lawsuit: "With regard to the alleged defamation and invasion of privacy claims, defamation and invasion of privacy are two of the enumerated offenses which ***trigger personal injury coverage under the Policy.***" (Dkt. No. 6-1 at 4).

State Farm "ignores the significant differences in the contexts in which [Delaney] raised [his] arguments. Because [Delaney's] respective positions at the class certification stage and at this stage … are not 'clearly inconsistent,' the doctrine of judicial estoppel does not apply. *In re POM Wonderful LLC Mktg. & Sales Pracs. Litig.*, 2018 WL 2213432, at *4 (C.D. Cal. May 14, 2018).

9

4.  **State Farm failed to prove the position sought to be estopped is one of fact rather than law or legal theory.**

Under Fourth Circuit precedent, "the position to be estopped must generally be one of fact rather than of law or legal theory." *Arch Specialty Ins. Co.*, 2020 WL 4218230, at *3. Delaney's arguments to support class certification and the characterization of her pleadings are legal in nature. So, even if Delaney shifted his position regarding "the nature of his claim"—something he denies and State Farm has not proven —"that shift would be legal in nature. Consequently, under our precedent, the judicial-estoppel doctrine would be inapposite." *Supreme Court of New Mexico*, 824 F.3d at 1285.

5.  **State Farm did not prove acceptance of the allegedly inconsistent position.**

Judicial estoppel requires that the state court "accepted" the allegedly prior inconsistent position." *Arch Specialty Ins. Co.*, 2020 WL 4218230, at *3. The state courts certification order doesn't constitute "acceptance" because the "proceedings remain open," *Collucci v. Tyson Farms, Inc.*, 2014 WL 6879927, at *2 (E.D. Va. Dec. 4, 2014), and certification is an interlocutory order, which "may be altered or amended before the decision on the merits." S.C.R.P Rule 23(d).

6.  **State Farm did not prove acceptance of the allegedly inconsistent position.**

Finally, there is no evidence that Delaney "intentionally misled the court to gain unfair advantage," although that is also a requirement State Farm had to prove. *Martineau*, 934 F.3d at 393; *Arch Specialty Ins. Co.*, 2020 WL 4218230, at *3. Delaney's arguments in certification weren't ***intentionally*** misleading when compared with his allegations and considerations of the UCC damage provisions. Nor was there any unfair advantage gained even if they were misleading (they weren't). State Farm speculates Delaney achieved the goal of class certification he otherwise wouldn't have achieved because "individualized … damages" would "***potentially***" defeat class

certification. (Dkt. No. 32 at 12). However, "courts in every circuit have uniformly held that the … predominance requirement is satisfied despite the need to make individualized damage determinations. A dissenting decision of four Supreme Court Justices characterized the point as 'well nigh universal.'" 2 Newberg and Rubenstein on Class Actions § 4:54 (6th ed.).

### Judicial estoppel doesn't apply.

As "a tool of equity, judicial estoppel should serve justice," but applying judicial estoppel to find State Farm has no duty to defend *First Financial* would be a miscarriage of justice. *Haynes & Haynes P.C.*, 940 F.3d at 646. If anyone should be estopped, it should be State Farm who, "despite … admitting a possibility of coverage exists requiring [it] defend FFC in the underlying lawsuit, (Dkt. No. 6-1), … nevertheless seeks, in the instant action, a finding it has no duty to defend[.]" (Dkt. No. 25 at 3).

**7.     State Farm wasn't substantially prejudiced by First Financial's notice of the Underlying Lawsuit.**

State Farm suggests Delaney's motion for partial judgment on the pleadings is precluded because it was "substantially prejudiced by the late notice." (Dkt. No. 32 at 21). Courts across the country "recognized the potential inequities in permitting an insurer to avoid coverage to an innocent third party merely because the at-fault party—the insured—did not inform its insurer of a lawsuit." *Neumayer v. Philadelphia Indem. Ins. Co.*, 831 S.E.2d 406, 408 (S.C. 2019). "Accordingly, many jurisdictions, including South Carolina, judicially adopted a notice-prejudice rule, whereby the insurer had the burden to show that it was substantially prejudiced by the failure of its insured to comply with the notice and cooperation provisions." *Id.*

State Farm has failed to meet its burden to show it was substantially prejudiced by receiving notice of the Underlying Lawsuit in April 2021. State Farm relies exclusively on the length of the delay alone without explaining how that delay involved "some impairment or loss of substantial

rights[.]" 13A Couch on Ins. § 193:68 ("prejudice, generally, must involve some impairment or loss of substantial rights, and while lengthy delay is one factor to be considered in deciding whether insurer has demonstrated actual prejudice from late notice of occurrence, length of delay alone is not ordinarily sufficient to show that insured's untimely notice of claim prejudiced the insurer even if the delay could be fairly characterized as extreme.") As a matter of law, State Farm cannot show it was "substantially prejudiced" because the delay wasn't long and there was no impairment or loss of substantial rights.

The Underlying Lawsuit was originally filed on October 4, 2011. (Dkt. No. 1 ¶ 11). First Financial *succeeded* in getting the initial lawsuit dismissed and it remained on appeal until at least July 15, 2019, when rehearing was denied. *Delaney v. First Fin. of Charleston, Inc.*, 829 S.E.2d 249 (S.C. 2019). Nearly all the delay was related to the appellate process, and State Farm cannot contend the Supreme Court of South Carolina's pronouncement of the law impaired or caused State Farm to lose substantial rights. Nothing substantive happened between remand from the Supreme Court of South Carolina and Delaney amending his pleading on March 30, 2021. (Dkt. No. 1 ¶ 12). State Farm admits it received notice of the amended pleading in April 2021 (i.e., between two and thirty days later). This admission is fatal to any showing of substantial prejudice for two reasons.

First, the original complaint didn't have the same allegations in the Amended Complaint that State Farm admitted triggered coverage and its duty to defend. No notice was due State Farm until after the Amended Complaint was filed, and State Farm admits that notice was timely given after the Amended Complaint.

Second, when "an amended pleading is filed, the former pleading is abandoned and is no longer before the court. An abandoned petition becomes a mere scrap of paper insofar as the case

is concerned. Where a [complaint] has been replaced by an amended [complaint], the original [complaint] has been abandoned and it may not be considered for any purpose." *Welch v. Continental Placement, Inc.*, 627 S.W.2d 319, 322 (Mo. Ct. App. 1982) (internal quotes and citations omitted). Essentially, the clock was reset so there could be no prejudice to State Farm. Neither class certification nor the merits were briefed or argued before the state court until after State Farm was notified about the Underlying Lawsuit.

As a matter of law, there is no prejudice let alone substantial prejudice even if there was delay in receiving notice. 13A Couch on Ins. § 193:68 (collecting cases providing examples of prejudice that don't exist here: "prejudice" requires delay that "materially impairs the insurer's ability to contest its liability to the insured or the liability of the insured to a third party; "Prejudice to an insurer can occur when an insured has presented the insurer with a fait accompli by delaying notice until after a judgment").

## Conclusion

Under the controlling law, if there is any possibility for coverage after comparing the underlying complaint and the operative policy, the insurer must defend its policyholder. Here, the underlying complaint and State Farm's policies establish, at the very minimum, the possibility of coverage. State Farm admitted a possibility of coverage exists in its Reservation of Rights Letter— and again in its supplemental reservation of rights letter. Thus, Delaney respectfully requests the Court grant his motion for judgment on the pleadings, enter judgment finding State Farm has a duty to defend First Financial, and dismiss without prejudice the parties' duty to indemnify claims as premature. *See* Dkt No. 28 at ¶ 59 ("State Farm would show any duty to indemnify First Financial Charleston in the underlying lawsuit is premature[.]"); *see also, e.g., Colony Ins. Co. v. Hucks Pool Co., Inc.*, No. 4:17-cv-02014-RBH, 2018 WL 902295, at *3 (D.S.C. Feb. 15, 2018); *U.S. Fidelity & Guar. Co. v. Ellett Bros., Inc.*, 2003 WL 23851137, at *2-8 (D.S.C. Feb. 11, 2003).

13

The Court should also award Delaney and/or First Financial attorney's fees for defending the declaratory judgment action brought by State Farm. *Sec. Ins. Co. of Hartford v. Campbell Schneider & Assocs., LLC*, 481 F. Supp. 2d 496, 503 (D.S.C. 2007).

|  |  |
|---|---|
|  | TWENGE + TWOMBLEY LAW FIRM |
| BY: | s/J. Ashley Twombley<br>J. ASHLEY TWOMBLEY<br>S.C. Bar #72916<br>THOMAS BLASE IANDOLI<br>S.C. Bar #105294<br>311 Carteret Street<br>Beaufort, SC  29902<br>(843) 982-0100<br>twombley@twlawfirm.com<br>iandoli@twlawfirm.com<br>Attorneys for Plaintiff |

Beaufort, South Carolina

November 13, 2023