IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, | Civil Action No. 2:23-cv-00263-RMG |
| Plaintiff, | |
| vs. | **FFC'S[1] RESPONSE IN OPPOSITION TO STATE FARM'S[2] MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND IN FURTHER SUPPORT OF MR. DELANEY'S[3] MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| First Financial of Charleston, Inc. and Otha Delaney, individually and on behalf of all others similarly situated, | |
| Defendants. | |

By and through its undersigned counsel, FFC submits this response in opposition to State Farm's motion for partial judgment on the pleadings (ECF No. 31) ("State Farm's MJP") and in further support of the Court's grant of the relief requested in Mr. Delaney's motion for partial judgment on the pleadings (ECF No. 30) ("Mr. Delaney's MJP").

## BACKGROUND

State Farm has sued Defendants[4] for a declaratory judgment that it has no duty to defend or indemnify FFC under a certain policy of insurance (the "Subject Policy") with respect to a pending lawsuit against FFC (brought by Mr. Delaney) in South Carolina state court (the "Underlying Lawsuit"). (*See* ECF No. 1 [Compl.].)

Mr. Delaney has counterclaimed for a declaratory judgment that State Farm has duties both to defend and indemnify FFC under the Subject Policy with respect to the Underlying Lawsuit. (*See* ECF No. 6 [Mr. Delaney's Answer & Counterclaim].)  FFC, too, has

---

[1]    "FFC" refers to Defendant First Financial of Charleston, Inc.
[2]    "State Farm" refers to Plaintiff, State Farm Fire and Casualty Company.
[3]    "Mr. Delaney" refers to Defendant Otha Delaney, individually and on behalf of all others similarly situated.
[4]    "Defendants" refers to FFC and Mr. Delaney, collectively.

counterclaimed for a declaratory judgment that State Farm has duties both to defend and indemnify it under the Subject Policy with respect to the Underlying Lawsuit—or, alternatively, given that the Underlying Lawsuit is ongoing and has not been fully and finally adjudicated, for a declaratory judgment that State Farm has a duty to defend FFC in the Underlying Lawsuit and a determination that State Farm's request for a declaratory judgment that it does not have a duty to indemnify FFC with respect to the Underlying Lawsuit is premature and cannot be granted at this time. (*See* ECF No. 26 [FFC's Am. Answer & Counterclaim].) FFC has also counterclaimed against State Farm for bad faith with respect to first-party benefits under the Subject Policy. (*Id.*)

Filed October 16, 2023, Mr. Delaney's MJP asks the Court to declare that State Farm had and continues to have a duty to defend FFC with respect to the Underlying Lawsuit and to dismiss without prejudice the parties' claims regarding the duty to indemnify as premature. (ECF No. 30.)

For its part, FFC—while maintaining its denial of the liability alleged against it in the Underlying Lawsuit and making clear that nothing should be construed as waiving or in any way whatsoever otherwise undermining its defense of the Underlying Lawsuit in any way, nor, for that matter, should it be construed as waiving or in any way whatsoever otherwise undermining its bad faith claim against State Farm in the instant action—has already filed a response to Mr. Delaney's MJP (ECF No. 33) that supports the Court's grant of the relief requested in Mr. Delaney's MJP and joins Mr. Delaney in requesting such relief.

Filed October 30, 2023, State Farm's MJP asks the Court to grant State Farm judgment on the pleadings as to Defendants' respective declaratory judgment counterclaims. (ECF No. 31.)

State Farm filed a single memorandum of law (ECF No. 32) both in support of State Farm's MJP and in opposition to Mr. Delaney's MJP.  Again, FFC hereby responds in opposition to State Farm's MJP (ECF No. 31) and in further support of the Court's grant of the relief requested in Mr. Delaney's MJP (ECF No. 30).

## ARGUMENT

**I.     Subject to the caveats stated below, FFC again supports the Court's grant of the relief requested in Mr. Delaney's MJP and joins Mr. Delaney in requesting such relief, and, in turn, in opposing State Farm's MJP.**

With the caveats that FFC continues to maintain its denial of the liability alleged against it in the Underlying Lawsuit and that nothing should be construed as waiving or in any way whatsoever otherwise undermining FFC's defense of the Underlying Lawsuit in any way, nor, for that matter, should it be construed as waiving or in any way whatsoever otherwise undermining FFC's bad faith claim against State Farm in the instant action, FFC again supports the Court's grant of the relief requested in Mr. Delaney's MJP and joins Mr. Delaney in requesting such relief, and, in turn, in opposing State Farm's MJP (*see* ECF No. 35 [Mr. Delaney's Response in Opposition to State Farm's MJP]).

**II.    Subject to the caveats stated above, in supporting the Court's grant of the relief requested in Mr. Delaney's MJP and joining Mr. Delaney in requesting such relief, and, in turn, in opposing State Farm's MJP, FFC would underscore the point that State Farm's judicial estoppel argument is without merit.**

State Farm's MJP asks the Court to grant it judgment on the pleadings that "it has no duty to defend or indemnify [FFC] in the Underlying Lawsuit . . . ."  (ECF No. 32 at 23.)  And the first (and therefore presumably foremost) of State Farm's arguments in support of this request is to the effect that the application of judicial estoppel against *Mr. Delaney* entitles it to a judicial declaration that it has no duty to defend or indemnify *FFC*.  (ECF No. 32 at 9–13.)

In addition to the fact that this argument relies on an improper test for determining whether an insurer has a duty to defend (rather than the proper test, which, among other things favorable to the insured, looks to the allegations of the complaint against the insured—regardless of whether they are groundless or false or even fraudulent—and deems the insurer's duty to defend triggered if there is even a possibility of coverage[5]), the argument is patently illogical and

---

[5] "A liability insurance policy contains two insuring provisions of major significance: one, providing for the payment by the insurer of sums the insured shall become obligated to pay, the other providing, in substance, for the defense of any suit alleging bodily injury or property damage and seeking damages payable under the terms of the policy. The latter clause also provides, as a rule, that such a defense will be furnished even if any of the allegations of the suit are groundless, false or fraudulent." *Sloan Constr. Co., Inc. v. Central Nat'l Ins. Co. of Omaha*, 269 S.C. 183, 185, 236 S.E.2d 818, 820 (1977). Regardless of which of an insurer's duties is in question (i.e., whether analyzing an insurer's duty to defend or its duty to indemnify), under South Carolina law, "[a]n insurance policy is to be liberally construed in favor of the insured and strictly construed against the insurer." *Am. Credit of Sumter, Inc. v. Nationwide Mut. Ins. Co.*, 378 S.C. 623, 628–29, 663 S.E.2d 492, 495 (2008). "Ambiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer." *Diamond State Ins. Co. v. Homestead Indus., Inc.*, 318 S.C. 231, 236, 456 S.E.2d 912, 915 (1995). And "exclusions in an insurance policy are always construed most strongly against the insurer." *Am. Credit*, 378 S.C. at 629, 663 S.E.2d at 495. "[A]n insurer's duty to defend is separate and distinct from its obligation to pay a judgment . . . ." *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 654, 661 S.E.2d 791, 797 (2008). The duty to defend is broader than the duty to indemnify, *Agape Senior Primary Care, Inc. v. Evanston Ins. Co.*, 304 F. Supp. 3d 492, 497 (D.S.C. 2018), and exists regardless of the insurer's ultimate liability to the insured. *Clegg*, 377 S.C. at 654, 661 S.E.2d at 797. "The duty to defend is triggered where the underlying complaint includes 'any allegation' that raises the possibility of coverage," *Agape*, 304 F. Supp. 3d at 497; however, an insurer's duty to defend is not strictly controlled by the allegations in complaint and may be triggered by facts outside of the complaint that are known by the insurer. *Clegg,* 377 S.C. at 657, 661 S.E.2d 791, 798. "South Carolina law requires that a triggered insurer with a duty to defend the policyholder in a suit must defend the policyholder against all claims in that suit, even those claims that are not covered under the policy." *Agape*, 304 F. Supp. 3d at 497 (internal quotations marks and citation omitted). "In short, if there is even one aspect of the claim which must be defended, the insurer must defend the entire suit." *Id.* (internal quotations marks and citation omitted). In determining whether a liability insurer's duty to defend is triggered, attention must be paid, not merely to the labels applied to the claim(s) against the insured or the specifically identified causes of action, but to the wrongful acts/omissions alleged against the insured. *Walde v. Ass'n Ins. Co.*, 401 S.C. 431, 440, 737 S.E.2d 631, 635 (Ct. App. 2012). If these alleged acts/omissions create even "a possibility of coverage under an insurance policy, the insurer is obligated to defend." *Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 319 S.C. 12, 15, 459 S.E.2d 318, 319 (Ct. App. 1994). For an

inequitable as it effectively seeks to have the Court punish *FFC* for something State Farm claims *Mr. Delaney* did. Or, stated differently, State Farm seeks to forsake *its own insured* because of something it claims *the third-party claimant against its insured* did. Such an argument is obviously without merit.

**III.    Subject to the caveats stated above, in supporting the Court's grant of the relief requested in Mr. Delaney's MJP and joining Mr. Delaney in requesting such relief, and, in turn, in opposing State Farm's MJP, FFC would underscore the point that State Farm did indeed admit that it has a duty to defend FFC.**

State Farm's initial reservation of rights letter, dated August 19, 2021, expressly recognizes that the operative complaint against FFC in the Underlying Lawsuit alleges defamation and invasion of privacy claims and that defamation and invasion of privacy trigger personal injury coverage under the Subject Policy. (ECF No. 6-1 [August 19, 2021, ROR Letter] at 4 ("With regard to the alleged defamation and invasion of privacy claims, defamation and invasion of privacy are two of the enumerated offenses which trigger personal injury coverage under the Policy.").) Even assuming, *arguendo*, that it were possible for State Farm to effectively walk back its admission that the operative complaint against FFC in the Underlying Lawsuit alleges claims that trigger personal injury coverage under the Subject Policy via a second reservation of rights letter nearly 10 months later (which is denied), State Farm's letter of June 7, 2022, did not do so, as it, too, expressly recognizes that the operative complaint against FFC in the Underlying Lawsuit alleges defamation and invasion of privacy claims within the personal injury coverage under the Subject Policy. (ECF No. 32-2 [June 7, 2022, ROR Letter] at 6 ("The Amended Complaint includes allegations of 'harm caused by defamation, slander and libel' (Par. 78, subpart d.) and 'harm cause[d] by invasion of privacy' (Par 78, subpart e.). Under

---

insurer not to have a duty to defend under a liability insurance policy, all of the allegations against the insured must "unambiguously" show that there is no possibility of coverage under the policy. *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 334 S.C. 529, 535, 514 S.E.2d 327, 330 (1999).

the definitions in the Policy, these allegations may constitute the offenses set forth in subparts d. and e. – oral or written publication that slanders/libels a person or that violates a person's right to privacy. . . . Because it appears that the allegations set forth in Paragraph 78, subparts d. and e. of the Amended Complaint may constitute 'personal injury' / 'personal and advertising injury' under the Policy, State Farm has agreed to provide First Financial with a defense in the lawsuit under a full and complete reservation of rights.").)

When it comes to the duty to defend, for an insurer to admit that the complaint against its insured *may* have pleaded within its insured's coverage is for the insurer to admit that its duty to defend its insured is *definitely* triggered.[6] Without question, State Farm admitted this in not only its original reservation of rights letter of August 19, 2021, but also its second reservation of rights letter of June 7, 2022. Indeed, State Farm's MJP implicitly admits that, on their face, the allegations of the operative complaint trigger coverage by virtue State Farm's (misguided) attempt to use judicial estoppel to disregard those allegations. (*See, e.g.,* ECF No. 32 at 10 ("[I]n an effort to mislead the Court and create coverage under the Policy where none exists, Delaney . . . mischaracterize[s] his statutory claims and the relief sought in the Underlying Lawsuit as common law tort claims for defamation and invasion of privacy."); *id.* at 12 (arguing that, notwithstanding the fact that the operative complaint "references defamation and invasion of privacy" and "allege[s] damages suffered from these 'claims'"[7], Mr. Delaney is not "truly" asserting claims for damages for defamation and invasion of privacy).

As State Farm itself necessarily admitted when it recognizes that an insurer may be held liable for bad faith where it "file[s] [a] declaratory judgment action <u>for an improper or</u>

---

[6] See the authorities cited in footnote 4, *supra*.
[7] (*Id.* at 10 n.5.)

illegitimate purpose,"[8] the mere fact that an insurer has first issued a reservation of rights letter reserving the right to initiate a declaratory judgment action does not insulate the insurer from bad faith liability where the insurer proceeds to initiate a declaratory judgment action that it does not actually have a reasonable, good faith basis for initiating. State Farm cannot in good faith force FFC to have to defend against this declaratory judgment action, whereby State Farms seeks to deny FFC a defense, where State Farm has expressly acknowledged that the underlying complaint includes allegations that trigger coverage under the Policy and thus conclusively trigger its duty to defend FFC. And to be clear, this is not a matter of creating coverage via waiver or estoppel, but rather a matter of State Farm having admitted that which cannot reasonably be denied, which is that, on their face, the allegations of the operative complaint are within FFC's coverage under the Subject Policy, which means there is nothing left for State Farm to "investigate"[9] in regard to whether its duty to defend FFC is triggered—it is.

## CONCLUSION

For the foregoing reasons, subject to the caveats stated above, FFC again supports the Court's grant of the relief requested in Mr. Delaney's MJP and joins Mr. Delaney in requesting such relief, and, in turn, in opposing State Farm's MJP.

**<SIGNED ON THE FOLLOWING PAGE>**

---

[8] (State Farm's Memo in Opposition to FFC's Motion to Amend [ECF No. 19] at 7 (emphasis in original).)

[9] (ECF No. 32 at 22 (arguing, "State Farm did exactly what it was required to do—it agreed to defend First Financial under a reservation of rights while it continued to *investigate* coverage for the Underlying Lawsuit.") (emphasis added).)

        Respectfully submitted,

        CLEMENT RIVERS, LLP

By:    s/Russell G. Hines
        Stephen L. Brown (Federal ID No. 6428)
        sbrown@ycrlaw.com
        Russell G. Hines (Federal ID No. 9813)
        rhines@ycrlaw.com
        25 Calhoun Street, Suite 400
        Charleston, South Carolina  29401
        P.O. Box 993  (29402)
        843-724-6641

*Attorneys for Defendant*
*First Financial of Charleston, Inc.*

Charleston, South Carolina

November 13, 2023