IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, | ) |
| Plaintiff, | ) ) ) **PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDA IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| vs. | ) |
| First Financial of Charleston, Inc. and Otha Delaney, individually and on behalf of all others similarly situated, | ) ) ) C.A. No. 2:23-cv-00263-RMG |
| Defendants. | ) |

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, files this Reply to Defendant First Financial of Charleston, Inc.'s ("First Financial") and Defendant Otha Delaney's ("Delaney") (collectively, "Defendants") Memoranda in Opposition to State Farm's Motion for Partial Judgment on the Pleadings [D.E. #35] [D.E. #36]. For the reasons set forth below and in State Farm's Memorandum in Support of its Motion for Partial Judgment on the Pleadings [D.E. #32], State Farm is entitled to judgment in its favor on its claim for declaratory judgment and Delaney's and First Financial's declaratory judgment counterclaims concerning coverage.

**INTRODUCTION**

State Farm filed this declaratory judgment action seeking an adjudication from the Court that mere allegations in a complaint, where the plaintiff does not actually seek relief or damages for such allegations, do not trigger a duty to defend. State Farm is permitted to seek this adjudication under well-established South Carolina law. Further, State Farm's decision to provide First Financial with a defense under a reservation of rights while seeking this adjudication does

not constitute an admission or a concession that it has a duty to defend First Financial under the applicable policies.

Here, the underlying lawsuit is a class action in which Delaney, on behalf of the class, seeks injunctive relief, declaratory relief, and statutory damages for violations of the South Carolina Uniform Commercial Code ("SC UCC"). These are not covered claims under the State Farm policies and Delaney does not seek covered damages. Nevertheless, Defendants take the position that because the amended complaint contains allegations of defamation and invasion of privacy, those allegations alone are sufficient to trigger a defense obligation, despite the fact that Delaney does not seek damages as a result of defamation or invasion of privacy and does not even state a claim for defamation or invasion of privacy. If the Court imposes a defense obligation under these circumstances, there is no doubt that plaintiffs throughout the state will include in their pleadings irrelevant allegations and buzzwords lifted from policy provisions which have no bearing on the actual claims and damages they are pursuing solely to force insurers to defend uncovered claims. The Court should not sanction this outcome.

## ARGUMENT

I.  **State Farm is entitled to a declaration that it has no duty to defend and, therefore, no duty to indemnify First Financial in the Underlying Lawsuit.**

As an initial matter, Defendants state that State Farm's duty to defend is determined strictly by the allegations in the complaint. This is incorrect. In South Carolina, in addition to the allegations in the complaint, "the duty to defend may also be determined by facts outside of the complaint that are known by the insurer." *USAA Prop. & Cas. Ins. Co. v. Clegg*, 661 S.E.2d 791, 798 (S.C. 2008) (emphasis added); *see also City of Hartsville v. S.C. Mun. Ins. & Risk Fin. Fund*, 677 S.E.2d 574, 578 (S.C. 2009), *Houston Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. CA 3:09-926-CMC, 2010 WL 1430097, at *10 (D.S.C. Apr. 7, 2010), *aff'd*, 456 F. App'x 312 (4th Cir.

2011), *Graphic Arts Mut. Ins. Co. v. Caldwell Chevrolet, Inc.*, No. CIV.A. 0:11-01255, 2012 WL 3962752, at *4 (D.S.C. Sept. 11, 2012), *aff'd*, 532 F. App'x 323 (4th Cir. 2013), *Jessco, Inc. v. Builders Mut. Ins. Co.*, 472 F. App'x 225, 228 (4th Cir. 2012), *Liberty Mut. Fire Ins. Co. v. JM Smith Corp.*, 602 F. App'x 115, 119 (4th Cir. 2015), and *Founders Ins. Co. v. Hamilton*, No. 5:15-CV-00408-JMC, 2017 WL 3415074, at *4 (D.S.C. Aug. 9, 2017).

To that end, State Farm and this Court may consider facts or information outside of the complaint, including Delaney's state court filings and the underlying court's order on class certification. Delaney's representations in his motion for class certification and the order allowing class certification, considered in conjunction with Delaney's amended complaint, establish that he is not making claims nor seeking damages on behalf of the class for defamation or invasion of privacy. Instead, the claims Delaney is pursuing are claims for violations of the SC UCC. Likewise, the only damages he is pursuing for himself and the class are statutory damages arising out of these alleged violations. These claims and damages simply are not covered under the State Farm policies.

First Financial and Delaney also state that State Farm has invented a "totality of allegations" test found nowhere in South Carolina law. This, too, is incorrect. State Farm has not "invented" anything. Instead, it has applied South Carolina law in which courts have explicitly stated that when evaluating the duty to defend, the court must look beyond the labels describing the acts alleged in the complaint to the acts themselves which form the basis of the claim. *See e.g. Collins Holding Corp. v. Wausau Underwriters Ins. Co.*, 666 S.E.2d 897, 899 (S.C. 2008), *USF Ins. Co. v. D & J Enterprises, Inc.*, No. CIV.A.009-2510-CMC, 2010 WL 2232211, at *5 (D.S.C. June 3, 2010), *MCE Auto., Inc. v. Nat'l Cas. Co.*, No. CA 6:11-1245-TMC, 2012 WL 4479163, at *4 (D.S.C. Sept. 28, 2012), *aff'd*, 535 F. App'x 303 (4th Cir. 2013), and *Founders Ins. Co.*, at *4.

3

This requires looking at allegations in the context of the entirety of the complaint—not merely specific words or allegations in isolation. *See id*.

For example, in *Collins Holding Corp.*, the South Carolina Supreme Court held the insurer had no duty to defend, despite the plaintiff asserting a claim for negligent misrepresentation, because the facts alleged throughout the complaint were of intentional conduct that did not constitute an "occurrence" covered under the policy. *Collins Holding Corp.*, 666 S.E.2d at 900. In reaching this conclusion, the court looked at all of the allegations in the complaint, not just the individual causes of action, to determine whether the insurer had a duty to defend. *See id*. Similarly, in *D & J Enterprises, Inc.*, the court explained that the characterization of the shooting as "accidental" in the complaint must be read in the context of the remainder of the allegations and those allegations establish that the shooting occurred during the commission of an armed robbery and, as such, the claims were excluded from coverage under the policy. *D & J Enterprises, Inc.*, at *5.

The same is true here—just as the duty to defend is not triggered by the mere inclusion of buzzwords like "negligence" and "accidental" in the complaint, it is not triggered by Delaney's insertion of the words "defamation" and "invasion of privacy" into the amended complaint in an effort to trigger coverage when, in the context of his other allegations and the entirety of the amended complaint, Delaney does not actually seek relief or damages for either. At its core, State Farm's coverage position boils down to one main point: Delaney is not seeking damages for defamation or invasion of privacy. The State Farm policies only obligate State Farm to defend First Financial against suits <u>seeking</u> covered damages. [*See* D.E. ##1-1 – 1-14]. Therefore, State Farm does not have a duty to defend First Financial in the Underlying Lawsuit which is unequivocally limited to statutory damages arising out of alleged violations of SC UCC statutes.

4

Further, it is well-settled that the duty to defend protects the insured against <u>potential liability</u> to satisfy a judgment for covered claims. *Darwin Nat. Assur. Co. v. Matthews & Megna LLC*, 36 F. Supp. 3d 636, 654 (D.S.C. 2014); *Sloan Const. Co. v. Cent. Nat. Ins. Co. of Omaha*, 236 S.E.2d 818, 820 (S.C.1977). First Financial and Delaney contend Delaney's allegations of "defamation" and "invasion of privacy" obligate State Farm to defend First Financial. No such obligation exists, however, because First Financial faces no potential liability for defamation or invasion of privacy. Indeed, neither defamation nor invasion of privacy are elements of a claim for violation of the SC UCC notice statutes at issue in the Underlying Lawsuit. *See* S.C. Code §§36-9-611, 36-9-614 and 36-9-616. As such, even if Delaney's allegations of defamation and invasion of privacy are proven true, Delaney has not sought and, therefore, will not be awarded damages for defamation or invasion of privacy.

Under these circumstances, there is no possibility of coverage and State Farm has no duty to defend First Financial in the Underlying Lawsuit. Because State Farm has no duty to defend First Financial in the Underlying Lawsuit, it likewise has no duty to indemnify First Financial.

**II.     State Farm's reservation of rights letters do not concede it has a duty to defend First Financial in the Underlying Lawsuit.**

State Farm is providing First Financial with a defense in the Underlying Lawsuit under a full and complete reservation of its rights under the policies. In its reservation of rights letters, State Farm specifically advised First Financial that there may <u>or may not</u> be coverage for the allegations in the amended complaint and that State Farm may <u>or may not</u> have a duty to defend. [*See* D.E. #6-1] [*see also* D.E. #31-3]. Out of an abundance of caution, State Farm is providing First Financial with a defense while it seeks an adjudication that it has no duty to defend or indemnify First Financial based on Delaney's mere use of the buzzwords "defamation" and "invasion of privacy" in the amended complaint without actually asserting these claims or seeking

relief or damages for them. While the reservation of rights letters recognize that claims for defamation or invasion of privacy <u>may</u> trigger a defense, the letters also note that coverage for the claims against First Financial in the Underlying Lawsuit is questionable – i.e. there may <u>or may not</u> be a trigger of coverage because the plaintiff has not actually asserted claims or sought damages for defamation or invasion of privacy. [*See* D.E. #6-1] [*see also* D.E. #31-3]. Therefore, the reservations of rights merely acknowledge there are questions of coverage. These letters, which are not part of the insurance contracts, neither create or concede coverage under the policies. Whether State Farm has a duty to defend is a question of law which State Farm now asks this Court to answer.

Significantly, all of the parties to this action agree there is a justiciable controversy between the parties supporting a declaratory judgment. Specifically, both First Financial and Delaney assert a justiciable controversy exists and they, too, seek declarations pursuant to 28 U.S.C. § 2201-2202, the same statutes on which State Farm relies. [D.E. #6, ¶¶7 and 30-32] [D.E. #26, Answer ¶¶7 and 26, Counterclaims ¶¶3-4, 13, 55-59]. It is illogical for Defendants to assert that State Farm is somehow bound by the "may or may not" language in the reservation of rights, yet concede there is a justiciable controversy on coverage.[1]

---

[1] According to Defendants, despite their agreement that there is a justiciable controversy between the parties, State Farm's institution of this declaratory judgment action, where the reservation of rights states there "may or may not" be coverage, constitutes bad faith. This makes no sense. Basically, First Financial and Delaney are advocating a result where they are permitted to seek declarations regarding coverage, but State Farm is not. This is inconsistent with applicable law. *See Auto-Owners Ins. Co. v. Madison at Park W. Prop. Owners Ass'n, Inc.*, 834 F. Supp. 2d 437, 442 (D.S.C. 2011) ("The Fourth Circuit has frequently approved the use of federal declaratory judgment actions to resolve disputes over liability insurance coverage…." (internal quotations and citation omitted)); *see also State Farm & Cas. Co. v. Singleton*, 774 F. Supp. 2d 773, 776 (D.S.C. 2009) ("Declaratory judgments are routinely sought to decide <u>questions of coverage</u> as between insurers and insureds….") (emphasis added).

While protecting its insured and providing a defense in the Underlying Lawsuit, State Farm is exercising its contractual rights under the policies and its statutory rights under 28 U.S.C. §§ 2201-2202 to seek a declaration regarding questions of coverage. State Farm's exercise of these rights is not inconsistent with the reservations of rights letters. Instead, it is precisely the procedure State Farm advised the insured it may pursue.

### III.  Delaney should be judicially estopped.

At the outset, Delaney incorrectly contends that State Farm has asserted judicial estoppel to escape its duty to defend First Financial in the Underlying Lawsuit. This is incorrect. State Farm has asserted that Delaney should be judicially estopped because he is making representations to this Court that are contrary to his representations to the state court in the Underlying Lawsuit in an effort to obtain a favorable ruling on coverage from this Court.

As Delaney and First Financial contend, the duty to defend, in part, is determined based on the allegations in the Underlying Lawsuit.[2] Delaney does not seek damages for defamation or invasion of privacy in the amended complaint. Moreover, in his motion for class certification, he represented to the state court that the damages he is seeking on behalf of the class are statutory damages for violations of the SC UCC. Nowhere in his motion does Delaney seek damages for defamation or invasion of privacy. Nonetheless, Delaney now contends this is not the case solely in an effort to trigger State Farm's duty to defend. The Court should not permit this outcome in the face of unequivocal proof that the claims made and damages sought over the twelve-year history of this case do not constitute an "occurrence" giving rise to "bodily injury," "property damage," "personal injury" or "advertising injury." Rather, the claims are limited to violations of

---

[2] As explained above, the duty to defend is also determined based on information outside of the complaint known to the insurer.

SC UCC statutes and damages afforded under the statutes, none of which are covered under the State Farm policies.

## CONCLUSION

For the foregoing reasons and the reasons set forth in State Farm's Memorandum in Support of its Motion for Partial Judgment on the Pleadings [D.E. #32], State Farm respectfully requests the Court (1) declare it has no duty to defend and, therefore, no duty to indemnify First Financial in the Underlying Lawsuit and (2) enter judgment in its favor on Delaney's and First Financial's counterclaims for declaratory judgment. To the extent the Court determines State Farm has a duty to defend First Financial in the Underlying Lawsuit, which State Farm disputes, State Farm respectfully requests that this action be stayed, not dismissed, until the Underlying Lawsuit is resolved and the duty to indemnify is ripe for this Court's review.

s/Jennifer E. Johnsen
Jennifer E. Johnsen (Fed. Bar No. 5427)
Natalie Ecker (Fed. Bar No. 12931)
GALLIVAN, WHITE & BOYD, P.A.
P.O. Box 10589
Greenville, SC  29603
(864) 271-9580

AND

Robert W. Whelan (Fed. Bar No. 9242)
Charles R. Norris (Fed. Bar No. 2549)
WHELAN MELLEN & NORRIS, LLC
89 Broad Street
Charleston, SC 29401
(843) 998-7099

Attorneys for Plaintiff,
December 4, 2023                    State Farm Fire and Casualty Company