UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:23-cv-263-RMG |
| | ) | |
| First Financial of Charleston, Inc. and Otha Delaney, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**Defendant Otha Delaney's Motion to Reconsider Grant of Insurer's
Motion for Judgment on the Pleadings *Only* as to Policies Containing Form FP-6103**

Defendant/Counterclaimant Otha Delaney, by his attorneys, respectfully moves the Court to reconsider its grant of Plaintiff/Counterclaim-Defendant State Farm Fire and Casualty Company's ("State Farm" or "Insurer") motion for judgment on the pleadings *only* as to those Policies containing Form FP-6103 (Dkt. No. 42).

1. "[A] district court retains the power to reconsider and modify its interlocutory judgments. . . at any time prior to final judgment when such is warranted." *Am. Canoe Assoc. v. Murphy Farms, Inc.,* 326 F.3d 505, 514-15 (4th Cir. 2003). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." *Saint Annes Dev. Co. v. Trabich,* 443 F. App'x 829, 832 (4th Cir. 2011) (quoting *Am. Canoe,* 326 F.3d at 514-15); *see also Fayetteville Investors v. Commercial Builders,* Inc., 936 F.2d 1462, 1473 (4th Cir. 1991) (interlocutory orders "are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires").

1

2. The Court partially granted State Farm's motion for judgment on the pleadings *only* as to those Policies containing Form FP-6103 based on "Insurer's argument that the harm Delaney alleges in the Underlying Action does not constitute an 'occurrence' under the Policies." (Dkt. No. 42 at 5).[1] The Court noted the "the Policies define 'occurrence' as 'an accident, including continuous or repeated exposure to substantially the same general harmful conditions.'" (*Id.* citing (Dkt. No. 1-1 at 50); (Dkt. No. 1-10 at 73)).

3. Although the Policies containing Form CMP-4100 (Dkt. No. 1-10) define "occurrence" as noted by the Court, those Policies containing Form FP-6103 (Dkt 1-1) define "occurrence" differently:

> occurrence means:
> a. an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury or property damage; **or**
>
> b. ***the commission of an offense, or a series of similar or related offenses, which results in personal injury or advertising injury***.

(Dkt. No. 1-1 at 50) (emphasis added).

4. In other words, both Form FP-6103 and Form CMP-4100 provide coverage for "offenses" constituting "personal and advertising injuries." Form CMP-4100 does it directly through the insuring agreement for Coverage L. (Dkt. No. 32 at 13-14). Form FP-6103 does it through a broader definition of "occurrence" that includes "offenses."

---

[1] The Court noted, "[n]either Delaney nor FFC address[ed] this argument." *Id.* This was not intentional. Immediately before this argument, State Farm stated, "there is no coverage under the Policy for damages because of 'bodily injury,' 'property damage,' 'personal injury' or 'personal and advertising injury' unless they are caused by an 'occurrence' **or offense** as defined in the Policy." Delaney didn't believe there was ever a dispute that either form used for the Policy covered offenses. Indeed, State Farm's Reservation of Rights letter stated the opposite. (Dkt. No. 6-1 at 3–4) (defining "occurrence" to include "an offense … which results in personal injury or advertising injury" and conceding the allegations triggered "personal injury coverage under the Policy.") Although, it would've been best practice for Delaney to respond to State Farm's argument, even if State Farm's motion was entirely unopposed, it still had the burden to show "no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." (Dkt. No. 42 at 4); *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir.1993) ("in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.")

5.      Because the Court's grant of State Farm's motion for judgment on the pleadings *only* as to those Policies containing Form FP-6103 was based on the narrow definition of "occurrence" found in Form CMP-4100, Delaney respectfully submits reconsideration is warranted and that the Court should deny judgment on the pleadings as to the Policies containing Form FP-6103 just as it did for the Policies containing Form CMP-4100.

WHEREFORE, Delaney respectfully requests the Court reconsider its grant of Insurer's motion for judgment on the pleadings *only* as to those Policies containing Form FP-6103 (Dkt. No. 42), and issue a revised order denying judgement on the pleadings as to the Policies containing Form FP-6103 just as it did for the Policies containing Form CMP-4100.

                                      TWENGE + TWOMBLEY LAW FIRM

BY:    s/J. Ashley Twombley  
          J. ASHLEY TWOMBLEY  
          Fed. Id. #9388  
          311 Carteret Street  
          Beaufort, SC  29902  
          (843) 982-0100  
          twombley@twlawfirm.com  
          Attorney for Plaintiff

Beaufort, South Carolina

December 27, 2023