# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> First Financial of Charleston, Inc. and Otha ) <br> Delaney, individually and on behalf of all ) <br> others similarly situated, ) <br> ) <br> Defendants. ) | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT OTHA DELANEY'S MOTION FOR RECONSIDERATION** <br><br> C.A. No. 2:23-cv-00263-RMG |

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, files this Response in Opposition to Defendant Otha Delaney's ("Delaney") Motion to Reconsider Partial Grant of State Farm's Motion for Judgment on the Pleadings [D.E. #43]. For the reasons set forth below and in State Farm's Memorandum in Support of its Motion for Partial Judgment on the Pleadings [D.E. #32] and Reply to Defendants' Memoranda in Opposition to State Farm's Motion for Partial Judgment on the Pleadings [D.E. #39], the Court properly granted judgment in State Farm's favor on all claims and coverage counterclaims as to the policies in effect from 2008 to 2012 [D.E. #42].

## INTRODUCTION

In his motion, Delaney notes that Form FP-6103 in the State Farm policies in effect from 2008 to 2012 contains a two-part definition of "occurrence." This representation is correct. Nonetheless, the Court properly granted partial judgment in State Farm's favor because Delaney does not seek damages payable because of covered injuries or claims under the policies and, therefore, State Farm has no duty to defend or indemnify First Financial of Charleston, Inc. ("First

Financial"). State Farm intends to file a separate motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure on this issue, as well as the issue of judicial estoppel which was not addressed in the Order.[1]

## ARGUMENT

The Court granted partial judgment in State Farm's favor with respect to the policies in effect from 2008 to 2012. The Court reached this conclusion because Delaney's claims in the Underlying Lawsuit are for intentional conduct that does not constitute an "occurrence" as defined in the policies. In his motion, Delaney correctly notes that Form FP-6103 contains a two-part definition of "occurrence." He therefore asserts the Court erroneously granted State Farm's motion with respect to these policies. While State Farm agrees that the definition of "occurrence" has two parts, it disagrees with Delaney's conclusion that the Court's Order should be altered because the Court properly concluded that State Farm has no duty to defend or indemnify First Financial under the policies.

The policies in effect from 2008 to 2012 contain Form FP-6103. This form provides Coverage L – Business Liability coverage, in relevant part, as follows:

> **COVERAGE L –**
> **BUSINESS LIABILITY**
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury**, **property damage**, **personal injury** or **advertising injury** to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments. This insurance applies only:
>
> 1. to **bodily injury** or **property damage** caused by an occurrence which takes place in the **coverage territory** during the policy period;

---

[1] Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, State Farm has twenty-eight (28) days from the date of the Order to file a motion to alter or amend, making State Farm's motion to alter or amend due on or before January 18, 2024.

2

> 2. to **personal injury** caused by an occurrence committed in the **coverage territory** during the policy period. The occurrence must arise out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;
>
> 3. to **advertising injury** caused by an occurrence committed in the **coverage territory** during the policy period. The occurrence must be committed in the course of advertising your goods, products or services.
>
> * * *

[D.E. #1-1 – 1-4, Form FP-6130, p. 20]. As such, the policies in effect from 2008 to 2012 provide Coverage L – Business Liability coverage for "bodily injury," "property damage," "personal injury," and "advertising injury" caused by an "occurrence" during the policy period.

Form FP-6103 defines "occurrence" as follows:

> 10. **occurrence** means:
>
>     a. an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **property damage**; or
>
>     b. the commission of an offense, or a series of similar or related offenses, which results in **personal injury** or **advertising injury**.
>
>     For purposes of this definition, **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property will be considered an accident;
>
> * * *

[D.E. #1-1 – 1-4, Form FP-6130, p. 32]. Thus, the policies in effect from 2008 to 2012 provide Coverage L – Business Liability coverage (subject to applicable exclusions) for what can be described as two "categories" of damages: (1) "bodily injury" or "property damage" caused by an accident, including continuous or repeated exposure to substantially the same general harmful conditions; and (2) "personal injury" or "advertising injury" caused by the commission of an offense. As such, Delaney has correctly cited the applicable policy definition under Form FP-6103.

3

Nevertheless, State Farm's right and duty to defend under these policies is limited to claims or suits seeking <u>damages payable under the policies</u>. Specifically, Form FP-6103 provides as follows:

> **RIGHT AND DUTY**
> **TO DEFEND**
>
> We will have the right and duty to defend any claim or **suit** <u>seeking damages payable under this policy</u> even though the allegations of the **suit** may be groundless, false or fraudulent….
>
> * * *

[D.E. #1-1 – 1-4, Form FP-6103, p. 20 (emphasis added)]. Thus, State Farm has no duty to defend claims or suits under the policies in effect from 2008 to 2012 unless they seek damages payable under the "categories" described above.

The Court correctly noted that "Delaney does not bring causes of action for defamation, libel, or invasion of privacy. Instead, he brings claims for 'SC UCC Presale Notice Violations' and 'SC UCC Post-sale Notice Violations" <u>and seeks statutory damages</u>." [D.E. #42, p. 8 (emphasis added)]. There is no coverage under Form FP-6103 for two reasons. First, as the Court concluded in its Order, Delaney is not seeking damages for "bodily injury" or "property damage" caused by an "occurrence" because First Financial's conduct in sending presale and post-sale notices was a deliberate act that cannot be considered an accident. [*See* D.E. #42, p. 7]. Second, although Delaney uses the terms defamation, slander or libel, which are enumerated offenses under the definition of "personal injury," he only asserts claims for violations of the SC UCC and seeks statutory damages. As this Court acknowledged in the Order, Delaney does not bring causes of action for defamation, libel or invasion of privacy in the Underlying Lawsuit. Therefore, he does

4

not seek damages payable because of "personal injury."[2] Therefore, the Court's Order granting State Farm's motion with respect to the 2008-2012 policies should remain in place.[3]

## CONCLUSION

For the foregoing reasons, the Court correctly granted partial judgment in State Farm's favor and State Farm opposes Delaney's motion for reconsideration. State Farm intends to file a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure regarding the issues the Court did not address in the Order.

                                              s/Jennifer E. Johnsen
                                              Jennifer E. Johnsen (Fed. Bar No. 5427)
Natalie Ecker (Fed. Bar No. 12931)
GALLIVAN, WHITE & BOYD, P.A.
P.O. Box 10589
Greenville, SC  29603
(864) 271-9580

AND

Robert W. Whelan (Fed. Bar No. 9242)
Charles R. Norris (Fed. Bar No. 2549)
WHELAN MELLEN & NORRIS, LLC
89 Broad Street
Charleston, SC 29401
(843) 998-7099

Attorneys for Plaintiff,
January 5, 2023                                     State Farm Fire and Casualty Company

---

[2] He also does not seek damages because of "bodily injury" or "property damage" caused by an "occurrence."

[3] The same rationale applies to the policies in effect from 2012 to the present containing Form CMP-4100. As such, State Farm intends to file a motion to alter or amend the judgment with respect to all of the policies issued to First Financial. For purposes of this response, however, State Farm has limited its discussion to the policies containing Form FP-6103 as those are the policies at issue in Delaney's motion for reconsideration.