**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| State Farm Fire and Casualty Company, | ) | C/A. No. 2:23-263-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| First Financial of Charleston, Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendant Otha Delaney's motion for reconsideration. (Dkt. No. 43).
Federal Rule of Civil Procedure 59(e) permits a district court to alter, amend, or vacate a prior
judgment. Rule 59(e) permits a court to amend a judgment in three situations: "(1) to accommodate
an intervening change in controlling law; (2) to account for new evidence not available at trial [or
summary judgment]; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand
v. Brown,* 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). Courts are reluctant to grant such
a motion, because "reconsideration of a judgment after its entry is an extraordinary remedy which
should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th
Cir.1998) (quoting 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2801.1, at
124 (2d ed.1995)). Although "there are 'circumstances when a motion to reconsider may perform
a valuable function,' ... it [is] improper to use such a motion to 'ask the Court to rethink what the
Court ha[s] already thought through—rightly or wrongly.'" *Potter v. Potter,* 199 F.R.D. 550, 552
(D. Md.2001) (quoting *Above the Belt, Inc. v. Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101
(E.D.Va.1983)).

In the Court's order ruling on the parties' cross-motions for judgment on the pleadings, the Court held that under the Policies governed by Form FP-6103, the acts alleged in the Underlying Action were not "occurrences." (Dkt. No. 42 at 7) (the "Prior Order").  Upon consideration of the parties' briefing, however, the Court reconsiders this finding. *See* (Dkt. No. 45 at 1) (plaintiff response in opposition admitting the Prior Order did not consider the full "two-part definition" of "occurrence" but nevertheless opposing reconsideration on other grounds). Namely, in the Policies governed by Form FP-6103, "occurrence" is defined to mean *either* "an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury or property damage" *or* "the commission of an offense, or a series of similar or related offenses, which results in personal injury or advertising injury." (Dkt. No. 43 at 2); (Dkt. No. 1-1 at 50). Said policies define "personal injury" to include "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services" or "oral or written publication, in any manner, of material that violates a person's right of privacy." *See, e.g.*, (Dkt. No. 1-1 at 17).  Accordingly, for the reasons stated in the Court's prior order, (Dkt. No. 42 at 9-10), a "colorable argument exists that the Policies containing" Form FP-6103 "could provide coverage for the Underlying Action." Put differently, the actions alleged in the Underlying Action, namely First Financial's intentional sending of notices which it did not know contained false information or did not know were defective under South Carolina law, could be considered "occurrences" under Form FP-6103. (*Id.*).

For the reasons stated above, the Court reconsiders the Prior Order, namely its granting in part of Plaintiff's motion for judgment on the pleadings.  Accordingly, Plaintiff's motion for judgment on the pleadings (Dkt. No. 31) is **DENIED** in full.

2

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

January 16, 2024
Charleston, South Carolina